UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------- x

DEVIN G. NUNES,

                         Plaintiff,

          - against -

NBCUNIVERSAL MEDIA, LLC,

                     Defendant.

Case No.: 22-cv-1633 (PKC)

----------------------------------------------------------------------------- x

## ANSWER OF NBCUNIVERSAL MEDIA, LLC
## TO PLAINTIFF'S SECOND AMEDED COMPLAINT

Defendant NBCUniversal Media, LLC ("NBCU"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") of Plaintiff Devin G. Nunes ("Plaintiff") using the same headings and paragraph numbers employed by Plaintiff.

## **GENERAL DENIAL**

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the SAC. NBCU denies all allegations, declarations, claims, or assertions in the SAC that are not specifically admitted in this Answer, including, without limitation, any allegation in the unnumbered paragraphs, headings, subheadings, footnotes or the prayer for relief.

The Court's Order dated November 28, 2022 (ECF No. 57) granted in part and denied in part NBCU's motion to dismiss the SAC. No response is necessary to the allegations in the SAC that have been dismissed.

In this action, Plaintiff purports to seeks (a) compensatory damages and punitive damages in a total sum to be determined by the Jury, (b) prejudgment interest on the principal sum awarded by the Jury from March 18, 2021 to the date of Judgment, and (c) court costs. These are legal

conclusions that require no response.  To the extent a response is required, NBCU denies any

allegation that NBCU defamed Plaintiff or is entitled to such relief.

## I.  INTRODUCTION

1.      NBCU denies knowledge or information as to the truth or falsity of the allegations

set forth in Paragraph 1 of the SAC, except admits that Plaintiff is a former Congressman, former

Ranking Member of the House Permanent Select Committee on Intelligence, and respectfully

refers the Court to the hyperlinks contained in Paragraph 1 for the contents thereof.

2.      NBCU respectfully refers the Court to the March 18, 2021 segment of *The Rachel*

*Maddow Show* (the "Broadcast"), identified in Paragraph 2 of the SAC, for its true content and

meaning.  Plaintiff's claims relevant to certain allegations in Paragraph 2 of the SAC have been

dismissed by Court Order.  *See* ECF No. 57.  With regard to any remaining allegations, NBCU

denies each and every allegation in Paragraph 2 of the SAC, except NBCU admits that the

Broadcast included the Statement that Plaintiff "has refused to hand [the Derkach package] over

to the FBI which is what you should do if you get something from somebody who is sanctioned

by the U.S. as a Russian agent."

3.      NBCU respectfully refers this Court to the Broadcast and the DNI Report, both

identified in Paragraph 3 of the SAC, for their true content and meaning.  NBCU denies each and

every allegation in Paragraph 3 of the SAC, except NBCU admits that the Broadcast reported on

and displayed the DNI Report and admits that page three of the DNI Report states that "Derkach,

Kilimnik, and their associates sought to use prominent US persons and media conduits to launder

their narratives to US officials and audiences.  These Russian proxies met with and provided

materials to Trump administration-linked US persons to advocate for formal investigations; hired

a US firm to petition US officials; and attempted to make contact with several senior US officials."[1]

4.      Plaintiff's claims relevant to the allegations in Paragraph 4 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, NBCU denies each and every remaining allegation in Paragraph 4 of the SAC.

5.       Plaintiff's claims relevant to the allegations in Paragraph 5 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, NBCU denies each and every allegation in Paragraph 5 of the SAC, except  NBCU admits that a clip of the Broadcast was shared on Rachel Maddow's Twitter account (@MaddowBlog) and MSNBC's YouTube Channel.[2-3]

6.      Plaintiff's claims relevant to the allegations in Paragraph 6 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, NBCU denies that it intended for the challenged Statement to be "republished millions of times on the Internet and via social media."   As to any remaining allegations, NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the SAC and, on that basis, NBCU denies the allegations.  Paragraph 6 otherwise contains legal conclusions that require no response.

7.      NBCU denies each and every allegation in Paragraph 7 of the SAC, except admits that Plaintiff seeks presumed damages, actual damages and punitive damages in this action.

---

[1] Plaintiff's claims relevant to the allegations in footnote 1 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.

[2-3]  NBCU lacks information sufficient to form a belief as to the truth or falsity of the allegations in both footnote 2 and 3 of the SAC and, on that basis, NBCU denies the allegations.

## II.  PARTIES

8.      NBCU denies the allegations in Paragraph 8 of the SAC concerning Plaintiff's career as a United States Congressman and that Plaintiff suffered harm to his reputation, except NBCU admits that Plaintiff was a United States Congressman and was a member of the House Intelligence Committee.  NBCU otherwise lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 of the SAC and, on that basis, NBCU denies the remaining allegations.  Paragraph 8 of the SAC otherwise contains legal conclusions that require no response.

9.      NBCU denies the allegations concerning its news coverage and NBCU's and Rachel Maddow's Twitter account in Paragraph 9 of the SAC.  NBCU admits the remaining allegations in Paragraph 9 of the SAC, except it alleges and states that Maddow is the host of *The Rachel Maddow Show,* which generally airs on Monday night at 9:00 p.m. on MSNBC.[4]

## III.  JURISDICTION AND VENUE

10.      Paragraph 10 of the SAC contains legal conclusions that require no response.  To the extent a response is required, NBCU denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, but admits that Plaintiff purports to seek in excess of $75,000 in damages, which meets the amount-in-controversy requirement of 28 U.S.C. § 1332.

11.      Paragraph 11 of the SAC calls for legal conclusions that require no response. NBCU admits that it is subject to general personal jurisdiction in New York.

---

[4] NBCU states that Comcast Navy Contribution, LLC, has five LLC's (not six), and admits the accuracy of the remaining allegations in Paragraph 9(ii).

12.      Paragraph 12 of the SAC contains legal conclusions that require no response.  To

the extent a response is required, NBCU does not contest that venue is proper in the Southern

District of New York.

## IV.  STATEMENT OF ADDITIONAL FACTS

13.      Plaintiff's claims relevant to the allegations in Paragraph 13 of the SAC have been

dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, NBCU

denies each and every remaining allegations in Paragraph 13 of the SAC.[5]

14.      Plaintiff's claims relevant to the allegations in Paragraph 14 of the SAC have been

dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain,

Paragraph 14 of the SAC contains legal conclusions that require no response.  To the extent any

response is required, NBCU denies each and every allegation in Paragraph 14 of the SAC.

---

[5] NBCU denies each and every allegation in footnote 5 of the Second Amended Complaint, except admits that on July 13, 2020 top Democratic congressional lawmakers sent a letter to the FBI alerting the agency to a potential "concerted foreign interference campaign."  Letter from Nancy Pelosi, Speaker of the U.S. House of Representatives, Charles E. Schumer, Democratic Leader U.S. Senate, Adam B. Schiff, Chairman U.S. House of Representatives Permanent Select Committee on Intelligence, Mark R. Warner, Vice Chairman U.S. Senate Select Committee on Intelligence to Christopher A. Wray, Director of the Federal Bureau of Investigation (July 13, 2020), https://intelligence.house.gov/uploadedfiles/20200713_big_4_letter_to_fbi_director_wray_-_defensive_briefing_signed.pdf.  Additionally, on July 29, 2020, the House Intelligence Committee held a closed-door meeting (the "Intelligence Committee Meeting").  NBCU affirmatively alleges that, as reflected in the Unclassified Transcript of the Intelligence Committee Meeting, Chairman Adam Schiff (D-CA) raised concerns that Russia was "trying to interfere in the Presidential election and seeking to divide Americans," and described the July 13 letter he and other top lawmakers sent to the FBI. The Intelligence Committee then voted along party lines to share the contents of the classified addendum to the letter with the rest of the House of Representatives.  Prior to the roll-call vote, Nunes opposed releasing the addendum to other members, calling it a "politicization of intelligence" designed to "provide classified material to support the Democrats' agenda" as it "focuses entirely on Russia while ignoring potential election meddling by any other nations."  After the vote to release the addendum, a member of the committee, Representative Sean Patrick Maloney (D-N.Y.), asked Nunes if he had received materials from Derkach and "whether he is prepared to share them with the rest of the committee" and Plaintiff refused to respond.  He asked Plaintiff "Did you receive a package from Andrii Derkach or not? And would you share with the committee or not?" When Plaintiff failed to respond, Maloney remarked "well, I guess this is a case where silence speaks volumes."  *H. Permanent Select Comm. On Intelligence*, Business Meeting (July 29, 2020), https://docs.house.gov/meetings/IG/IG00/20200729/109721/HMKP-116-IG00-Transcript-20200729.pdf.

15.     NBCU denies each and every allegation in Paragraph 15 of the SAC, except admits that the conclusion included in the March 18, 2021 broadcast – that "if you get something from somebody who is sanctioned by the U.S. as a Russian agent" you should "hand it over to the FBI" – was an opinion based on accurate facts.

16.     Paragraph 16 of the SAC calls for legal conclusions that require no response.  To the extent a response is required, NBCU denies each and every allegation contained in Paragraph 16 of the SAC.

17.     NBCU respectfully refers the Court to the Broadcast identified in Paragraph 17 of the SAC, for its true content and meaning and NBCU otherwise denies each and every allegation in Paragraph 17 of the SAC.

18.     Plaintiff's claims relevant to the allegations in Paragraph 18 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  NBCU respectfully refers this Court to the Broadcast identified in Paragraph 18 of the SAC, for its true content and meaning and NBCU otherwise denies each and every allegation in Paragraph 18 of the SAC, including Plaintiff's characterization of the Broadcast.

## COUNT I – <u>DEFAMATION</u>

19.     NBCU incorporates and repeats as if fully set forth herein its responses to the allegations in Paragraphs 1 through 18 of the SAC.

20.     Plaintiff's claims relevant to the allegations in Paragraph 20 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, NBCU denies each and every allegation in Paragraph 20 of the SAC.

21.     Plaintiff's claims relevant to the allegations in Paragraph 21 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, NBCU denies each and every allegation in Paragraph 21 of the SAC.

22.     Plaintiff's claims relevant to the allegations in Paragraph 22 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, NBCU denies each and every allegation in Paragraph 22 of the SAC.

23.     Plaintiff's claims relevant to the allegations in Paragraph 23 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, Paragraph 23 contains legal conclusions that require no response.  To the extent any response is required, NBCU denies each and every allegation in Paragraph 23 of the SAC.

24.     NBCU denies each and every allegation in Paragraph 24 of the SAC, except admits that it received a demand for a retraction and apology from Plaintiff dated April 5, 2021, which challenged statements from the Broadcast.  On April 9, 2021, NBCU responded to Plaintiff's demand for a retraction in a letter to seek clarification of and support for Plaintiff's position. Among other things, NBCU specifically asked "Is it Congressman Nunes's position that he submitted the package to the FBI or another intelligence agency?  If so, to which agency did Congressman Nunes submit the package and on what date?  Was it in response to a request of the agency?"  NBCU further stated in its response that "[w]e would like to update our reporting on this matter as expeditiously as possible in light of [Plaintiff's] responses and the information in [the demand for a retraction], which we seek to clarify."  Plaintiff failed to respond to NBCU's correspondence and did not provide NBCU with any support for Plaintiff's position, including a copy of the alleged letter to Mr. Barr.

25.     Plaintiff's claims relevant to the allegations in Paragraph 25 of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, Paragraph 25 contains legal conclusions that require no response.  To the extent any response is required, NBCU denies each and every allegation in Paragraph 25 of the SAC including each subparagraph of Paragraph 25.

        a.     Plaintiff's claims relevant to the allegations in Paragraph 25(a) of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that certain allegations remain, Paragraph 25(a) contains legal conclusions that require no response.  To the extent any response is required, NBCU denies each and every allegation in Paragraph 25(a) of the SAC.

        b.     Plaintiff's claims relevant to the allegations in Paragraph 25(b) of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that part of the allegations remain, Paragraph 25(b) contains legal conclusions that require no response.  To the extent any response is required, NBCU denies each and every allegation in Paragraph 25(b) of the SAC.

        c.     Plaintiff's claims relevant to the allegations in Paragraph 25(c) of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that part of the allegations remain, Paragraph 25(c) contains legal conclusions that require no response.  To the extent any response is required, NBCU denies each and every allegation in Paragraph 25(c) of the SAC.

        d.     Plaintiff's claims relevant to the allegations in Paragraph 25(d) of the SAC have been dismissed by Court Order.  *See* ECF No. 57.  To the extent that part of the allegations remain, Paragraph 25(d) contains legal conclusions that require no response.

To the extent any response is required, NBCU denies each and every allegation in Paragraph 25(d) of the SAC.

  e.  Plaintiff's claims relevant to the allegations in Paragraph 25(e) of the SAC have been dismissed by Court Order.  *See* ECF No. 57. To the extent that part of the allegations remain, Paragraph 25(e) contains legal conclusions that require no response. To the extent that part of the allegations remain, NBCU denies each and every allegation in Paragraph 25(e) of the SAC.

  f.  Plaintiff's claims relevant to the allegations in Paragraph 25(f) of the SAC have been dismissed by Court Order.  *See* ECF No. 57. To the extent that part of the allegations remain, Paragraph 2(f) contains legal conclusions that require no response.  To the extent that part of the allegations remain, NBCU denies each and every allegation in Paragraph 25(f) of the SAC.

  g.  Plaintiff's claims relevant to the allegations in Paragraph 25(g) of the SAC have been dismissed by Court Order.  *See* ECF No. 57. To the extent that part of the allegations remain, Paragraph 25(g) contains legal conclusions that require no response. MSNBC and Maddow did not reach out to Plaintiff for comment prior to publication of the Broadcast because Plaintiff has consistently refused to respond to any inquiries from NBCU. Additionally, as evidenced by the news articles NBCU was aware of and the transcript of the Intelligence Committee Meeting, Plaintiff had specifically refused to comment on whether he received a package from Derkach or provide any explanation about what he did with the package.  NBCU denies each and every remaining allegation in Paragraph 25(g) of the SAC.

26.     Paragraph 26 of the SAC contains legal conclusions that require no response.  To the extent any response is required, NBCU denies each and every allegation in Paragraph 26 of the SAC.

## AFFIRMATIVE DEFENSES

Further responding to the SAC, NBCU asserts the following defenses.  NBCU does not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses.  By designating the following as defenses, NBCU does not in any way waive or limit any defenses that are or may be raised by their denials, allegations, and averments set forth herein. These defenses are pleaded in the alternative, are raised to preserve NBCU's right to assert such defenses, and are raised without prejudice to NBCU's ability to raise other and further defenses. NBCU reserves the right to amend, supplement, and/or otherwise modify this Answer, including without limitation the right to assert additional defenses that become known to NBCU through discovery or otherwise:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for relief against NBCU are barred because the Statement about which Plaintiffs complains is privileged and protected by the First Amendment to the United States Constitution, applicable state constitution(s), New York's statutory fair report privilege, or the common law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief against NBCU are barred because the Statement about which Plaintiff complains is true or substantially true, and thus cannot be the basis for a defamation claim against NBCU.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he is a public figure and former public official and cannot prove by clear and convincing evidence that NBCU acted with actual malice in publishing the statement about which he complains.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Statement about which Plaintiff complains did not cause him to suffer actual injuries and/or damages for which NBCU is liable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he has suffered no reputational harm as any Statement complained of or inferences derived therefrom are consistent with their reputation in the community.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the Statement about which Plaintiff complains did not defame Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is barred because it would violate NBCU's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, the alleged conduct here is not sufficiently reprehensible to warrant any punitive damages recovery.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they fail to state a claim on which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands, laches, waiver and estoppel.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief against NBCU are barred, in whole or in part, because Plaintiff has not pleaded either libel per se or special damages with sufficient particularity.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint, to the extent that it seeks punitive damages against NBCU, violates NBCU's right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution because, among other things, (1) the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages, (2) there is no legitimate state interest in punishing NBCU's alleged conduct at issue here, or in deterring its possible repetition, (3) the alleged conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery, and (4) any punitive damages award would be grossly out of proportion to the alleged conduct at issue here.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief against NBCU are barred, in whole or in part, because plaintiffs' damages, if any, are vague, uncertain, imaginary, and speculative.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief against NBCU are barred, in whole or in part, because NBCU's conduct was reasonable, justified, and in good faith.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for relief against NBCU is barred, in whole or in part, because the damages allegedly suffered by Plaintiff, if any, were not proximately caused by NBCU.

## FIFTEENTH AFFIRMATIVE DEFENSE

The allegedly defamatory Statement does not assert verifiably false facts, and/or constitutes rhetorical hyperbole or a subjective statement of opinion, and therefore cannot give rise to any claim against NBCU.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's prior conduct renders him libel proof.  For example, he has been publicly accused by former Speaker of the House, Nancy Pelosi, of engaging in "deliberately dishonest" conduct by altering a classified GOP-written memo on the investigation into Russia's election influence.  Accordingly, Plaintiff cannot establish that his reputation has been harmed, and therefore, he cannot state a viable claim for defamation against NBCU.

NBCU reserves the right to assert additional affirmative defenses as they may become apparent or available. NBCU also reserves the right to assert claims pursuant to New York's anti-SLAPP law.  *See* N.Y. Civ. Rights Law § 76-a.

## RELIEF REQUESTED

WHEREFOR NBCU prays for judgment as follows:

1.      That Plaintiff be denied any requested relief in this action;

2.      For dismissal of Plaintiff's SAC with prejudice;

3.      That judgment on Plaintiff's claims be entered in favor of NBCU and that NBCU recover its reasonable costs, attorney's fees, and disbursements;

4.      For such other and further relief as the Court may deem just and proper.

Dated: December 12, 2022
        New York, New York

Respectfully submitted,

By: _Elizabeth A. M_____

Elizabeth A. McNamara
Jeremy A. Chase
Alexandra M. Settelmayer
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas 21st Floor
New York, NY  10020-1104
Phone: (212) 489-8230
Fax:     (212) 489-8340
Email: lizmcnamara@dwt.com
        jeremychase@dwt.com
        alexandrasettelmayer@dwt.com

*Attorneys for Defendant NBCUniversal Media, LLC*