UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------- x
DEVIN G. NUNES,   :
   :
                Plaintiff,   :
   :   Case No.: 22-cv-1633 (PKC)
     - against -   :
   :
NBCUNIVERSAL MEDIA, LLC,   :
   :
                Defendant.   :
------------------------------------------------------------------------------- x

**STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY MATERIALS**

Plaintiff Devin Nunes ("Plaintiff") and Defendant NBCUniversal Media, LLC ("Defendant") (collectively the "Parties"), by and through their undersigned counsel, hereby stipulate and agree to the following protective order (the "Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**1.    PURPOSE AND LIMITATIONS**

The Parties acknowledge that disclosure and discovery activity in this litigation is likely to include production of confidential, proprietary, or private information.  Thus, the Parties have stipulated to entry of this Order to prevent and/or limit disclosure of such information and/or documents that have been and may be exchanged and/or produced in this case.  The Parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

**2.    DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

1

(a) **Party:** Any party to this action, including that party's counsel, consultants, and retained experts.

(b) **Non-Party:** Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(c) **Disclosure or Discovery Material:** All items and information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party subpoenas), or other requests for information in this action.

(d) **Receiving Party:** A Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

(e) **Producing Party:** A Party or Non-Party that produces Disclosure or Discovery Material in this case.

(f) **Designating Party:** A Party or Non-Party that designates Disclosure or Discovery Material that it produces as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(g) **"CONFIDENTIAL" Information or Items:** The Producing Party may designate any Discovery Material as "CONFIDENTIAL" under the terms of this Order if the party in good faith believes that such material contains (a) information protected from disclosure by any state or federal law, rule, or regulation; (b) information that is proprietary, trade secret, or commercially or competitively sensitive information; (c) unpublished newsgathering information; (d) information concerning individuals that is of a private or personal nature; or (e) other confidential information that would not be available outside the context of this Matter, the disclosure of which would cause injury that requires the protection of this Protective Order.

**(h)** **"ATTORNEYS' EYES ONLY" Information or Items:** The Producing Party may designate any Discovery Material as "ATTORNEYS' EYES ONLY" under the terms of this Order, whether or not embodied in any physical or electronic medium, that the Producing Party believes in good faith contains non-public and confidential business, strategic, proprietary, or otherwise commercially sensitive business information, trade secrets, or other similar information not generally known and that, in the good faith judgment of the Producing Party, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such Producing Party or its employees, customers, or clients if disclosed to the other parties in this litigation.

**(i)** **Protected Material:** Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

**(j)** **Expert:** A person who has been retained by a Party or his/her/its counsel to serve as an expert witness or as a consultant in this action. This definition includes professional jury or trial consultants retained in connection with this litigation.

**3.** **SCOPE**

**(a)** All Protected Material produced in discovery by Parties or Non-Parties shall be used solely for the purposes of this litigation and not for any other purpose or function. The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material. The protections conferred by this Order apply with equal force to those responding to third-party discovery.

**(b)** The protections conferred by this Order do not cover the following: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or that

becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including by becoming part of the public record through trial, hearings in this action, or otherwise (in compliance with this Order); (2) any information which is not designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Order; or (3) any information that the Parties and/or Non-Parties agree, or the Court rules, is in the public domain or de-designates as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  The provisions of this Order shall not affect, and this Order does not limit, the use or admissibility of Protected Material (or references to Protected Material) as evidence at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal, provided that either Party may seek an appropriate Court Order to protect Protected Material.

**(c)**   This Order shall apply to all information, documents, and things subject to discovery in this action, including without limitation, testimony adduced at depositions upon oral examination pursuant to Fed. R. Civ. P. 30, depositions upon written questions pursuant to Fed. R. Civ. P. 31, answers to Interrogatories pursuant to Fed. R. Civ. P. 33, documents produced pursuant to Fed. R. Civ. P. 34, information obtained from inspection of premises or things pursuant to Fed. R. Civ. P. 34, and answers to requests for admission pursuant to Fed. R. Civ. P. 36.

**(d)**   Information produced by any Party as part of discovery in this litigation may be designated by such Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only under the terms of this Order.  Blanket designation of documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" en masse or without regard to the specific contents of each document or piece of information is prohibited.

**4.     DURATION**

This Order shall apply from the time it is entered and shall survive the termination of this litigation.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

(a)     **Exercise of Restraint and Care in Designating Material for Protection**.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

(b)     **Manner and Timing of Designations**.  The designation of Protected Material shall be performed in the following manner:

(i)     **For information in documentary form**  (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material.

    **(ii)** **For testimony given in deposition or in other pre-trial proceedings**, **testimony transcripts, testimony exhibits, and video recordings** shall be treated as CONFIDENTIAL for thirty (30) days after receipt of the final transcript to allow time for designation of Protected Material.  The Designating Party shall designate and specify any portions of the testimony that qualify as "CONFIDENTIAL" in writing to all parties.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days after receipt of the transcript that the entire transcript, or a portion thereof, shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

    **(iii)** **For information produced in some form other than documentary, and for any other tangible items**, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

 **(c)** **Inadvertent Failure to Designate or Disclosure.**  Pursuant to Fed. R. Evid. 502(d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection

under this Order for such material. If material is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Additionally, the parties recognize the possibility of inadvertent production of materials to which a Party or Non-Party may make a claim of privilege or of protection from discovery as trial preparation material. The inadvertent production of such material shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection. The Receiving Party, on timely notification of the inadvertent production, shall make reasonable efforts to assure that the material is returned to the Producing Party.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

   **(a)     Basic Principles.**  A Receiving Party may only use Protected Material that is disclosed or produced by a Party or Non-Party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Order provided with the Protected Material. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Section 11 below.

   Counsel for a Receiving Party which provides Protected Material to a permitted person specified below shall maintain a copy of the signed Exhibit A ("Nondisclosure Agreement").

   **(b)     Persons to Whom "CONFIDENTIAL" Information May Be Disclosed.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, Protected Material designated as "CONFIDENTIAL" by a Designating Party may be disclosed only to the following persons:

**(i)** "Outside Counsel," which shall specifically be defined as attorneys, paralegals, and their staff who are employed by or members of the law firms currently retained by the parties to this action and all independent companies, agencies or individuals that are directly engaged by Outside Counsel to perform litigation support services under the supervision of such counsel whose duties and responsibilities require access to the CONFIDENTIAL Information or Items.

**(ii)** "In-House Counsel," which shall be defined as attorneys who are employees of a Party and all independent companies or agencies that are directly engaged by inside counsel to perform litigation support services, paralegal assistants, stenographic, translations, clerical or other staff working under the supervision of such counsel and managers and others charged with making strategic decisions, including regarding settlement, whose duties and responsibilities require access to the "CONFIDENTIAL" Information or Items, and only after execution of Exhibit A hereto by that person;

**(iii)** The Receiving Party (where the party is a natural person), or officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation (where the party is a business entity);

**(iv)** Experts (as defined above) who have been retained to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by that person;

**(v)** Any person whose testimony is taken in this litigation, provided that such person may only be shown copies of "CONFIDENTIAL" Information or

Items during his or her testimony only after execution of Exhibit A hereto by that person, and may not retain any "CONFIDENTIAL" Information or Items;

**(vi)** Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person;

**(vii)** The Court and its personnel (including, for example, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).

**(c)** **Persons to Whom "ATTORNEYS' EYES ONLY" Information May Be Disclosed.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, Protected Material designated as "ATTORNEYS' EYES ONLY" by a Designating Party may be disclosed only to the following persons:

**(i)** Outside Counsel, as defined in Section 7.2(b) above.

**(ii)** In-House Counsel, as defined in Section 7.2(b) above.

**(iii)** Experts (as defined above) who have been retained to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by that person;

**(iv)** Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person;

**(v)** The Court and its personnel (including, for example, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court).

**(d)** **Duty to Maintain "Protected Material" Securely.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited

to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

**(e)** **Presentation of Protected Material To Court.** The parties shall make a good faith effort to avoid unnecessarily filing documents or revealing Protected Material in the public record. Before filing any Protected Material under seal with the Court, the filing Party shall consult with the Designating Party to determine whether, with the consent of the Designating Party, the document or a redacted version of the document may be filed with the Court not under seal. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

**7. CHALLENGING ANOTHER PARTY'S OR NON-PARTY'S CONFIDENTIALITY DESIGNATION**

The designation of material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not create any presumption that the material so designated is in fact deserving of such protection. The acceptance by a Party of Disclosure or Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder shall **not** constitute a concession that the Disclosure or Discovery Material is properly designated. Any Party may challenge a designation of confidentiality at any time. If a Party disagrees with the designation of any Disclosure or Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" such Party shall give written notice to the Designating Party. The Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Party challenging the designation may request an order removing the designation from the Court no sooner than ten (10) days following the service of a written notice of disagreement. Notwithstanding the foregoing, in any proceeding challenging a designation, the Designating Party bears the burden of persuasion demonstrating that the designation of "CONFIDENTIAL or "ATTORNEYS' EYES ONLY" is deserving under this Order. Until there is a determination by the Court, the Disclosure or Discovery Material at issue shall continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as designated, and subject to the terms of this Order. Any failure to object to any Disclosure or Discovery Material being designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not be construed as an admission by any non-designating party that the material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

**8. INADVERTENT PRODUCTION**

**(a)** The inadvertent or unintentional production of any Disclosure or Discovery Material qualifying for designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

11

without labeling or other designation as such in accordance with the terms of this Order shall not be deemed a waiver or an impairment of any claim that the Disclosure or Discovery Material is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The Producing Party may request that the Disclosure or Discovery Material previously produced without such designation be deemed as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by giving written notice. The Receiving Party shall treat the Disclosure or Discovery Material accordingly upon receiving such written notice. For purposes of this Order, inadvertent production refers to circumstances where the Producing Party took reasonable precautions but an error was made in the production of the Disclosure or Discovery Material.

**(b)** The inadvertent or unintentional production of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the attorney work-product doctrine, and the reporter's privilege. If the Receiving Party so requests, the Producing Party shall provide a privilege log with respect to the inadvertently disclosed information. Except as specifically provided herein, nothing contained in this paragraph shall alter any attorney's responsibilities under law or codes of ethics that apply when an attorney becomes aware of inadvertently produced or privileged Disclosure or Discovery Material.

**9.    DISCLOSURE IN VIOLATION OF ORDER**

If any Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" is disclosed to any person in violation of this Order, the Party or Non-Party responsible for such disclosure must immediately inform the Designating Party of such Disclosure or Discovery Material of all facts pertinent to the disclosure, and without prejudice to the rights and remedies of the Designating Party, make reasonable efforts to prevent further unauthorized

disclosure on its own part or on the part of the recipient of such information so designated.

**10.   REQUESTS FOR PROTECTED MATERIAL IN OTHER ACTIONS**

If any Party receives a subpoena, document request, or similar demand or legal process from a person or government entity not a party to this litigation ("Subpoenaed Party") that calls for the disclosure or production of Discovery Material designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by another party, the Subpoenaed Party shall promptly inform the Designating Party in writing of the subpoena or request.  The Designating Party shall be responsible for asserting his/her/its own objections to the subpoena, document request, or similar demand in the relevant proceeding and providing the Subpoenaed Party notice of that objection within fourteen (14) days.  If the Designating Party fails to assert an objection and provide notice to the Subpoenaed Party within that timeframe, the Subpoenaed Party shall be permitted to produce the relevant Disclosure or Discovery Material in compliance with the subpoena, document request, or similar demand or legal process.  Nothing in this Order shall be construed as precluding production of Protected Material covered by this Order in response to a lawful court order.

**11.   ENFORCEMENT OF ORDER**

Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that the U.S. District Court for the Southern District of New York has jurisdiction to enforce the terms of this Order and that such jurisdiction continues beyond the date this matter is concluded.  The U.S. District Court for the Southern District of New York shall retain jurisdiction over all parties and persons who have received information or material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall

determine. Should a dispute materialize concerning whether a person was improperly provided Protected Material, the Party in possession of Exhibit A for that person shall provide it to the complaining party upon five (5) business days' written notice.

## 12.   NO WAIVER OF PRIVILEGE OR OBJECTIONS

Nothing in this Order shall be construed as requiring disclosure of documents, information, or any other materials designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that counsel for a Party contends are protected by any privilege, including but not limited to the attorney-client privilege, the attorney work-product protection, the reporter's privilege, or other legal objection, including but not limited to relevancy or that the designated items are otherwise beyond the scope of permissible discovery. The Parties hereto specifically reserve the right to raise all appropriate objections to any request for testimony, documents, or other evidence or the admissibility thereof.

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, whether or not it is addressed in this Order. The Parties agree that they shall not use this Order to support a waiver argument in any discovery motion or to argue that any Party waived its objections to produce any particular documents or information.

## 13.   SURVIVAL OF ORDER – RETURN OF DOCUMENTS

This Order shall survive the termination of this litigation. After the termination of this litigation, this Court shall retain jurisdiction to enforce this Order. Within 60 days of final termination of this action, including any appeal, Protected Material, including all copies, abstracts, summaries, and excerpts thereof (but not including deposition transcripts, copies of any papers filed with the Court, and trial preparation material) shall either be returned to the Producing Party, made available for retrieval by the Producing Party, or destroyed by counsel for the receiving party

and certified as such to the Producing Party; except that there shall be no obligation to return or destroy materials that are contained in emails, backup tapes and/or electronic formats that are not reasonably assessable, even if those materials have been specifically labeled as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  Additionally, counsel for a Party may retain one copy of the pleadings, correspondence, deposition transcripts and exhibits thereto, any trial or hearing testimony and exhibits thereto, and attorneys' notes or memoranda relating to this action, subject to the other terms of this Order.

**14.   MODIFICATION – FURTHER AGREEMENTS**

Any Party may seek modification of this Order upon written notice.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Each Party expressly acknowledges that such modifications may be necessary.

The undersigned counsel hereby stipulate to this Order and confirm that they have discussed this Order with the Party they represent and have full authority to sign on behalf of themselves and the Party they represent.

**STIPULATED TO** this 1st day of February 2023.


*/s/ Steven S. Biss*  
Steven S. Biss  
300 West Main Street, Suite 102  
Charlottesville, Virginia 22903  
Tel: (804) 501-8272  
Fax: (202) 319-4098  
stevenbiss@earthlink.net  
*(Admitted Pro Hac Vice)*

Anthony C. Carlini, Jr. Esq.  
Handel & Carlini, LLP  
1984 Hackensack Road  
Poughkeepsie, NY 12603  
Tel: (845) 454-2221

*/s/ Elizabeth A. McNamara*  
Elizabeth A. McNamara  
Jeremy A. Chase  
Alexandra Settelmayer  
DAVIS WRIGHT TREMAINE LLP  
1251 Avenue of the Americas, 21st Floor  
New York, NY 10020-1104  
Tel: (212) 489-8230  
lizmcnamara@dwt.com  
jeremychase@dwt.com  
alexandrasettelmayer@dwt.com

*Attorneys for Defendant NBCUniversal Media, LLC*

Fax: (845) 471-1005
anthony@handelcarlini.com

*Counsel for Plaintiff Devin G. Nunes*

**SO ORDERED** this _2_ day of February 2023.

_____
THE HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------------------------- x
DEVIN G. NUNES,                                :
                                               :
                         Plaintiff,            :     Case No.: 22-cv-1633 (PKC)
                                               :
              - against -                      :     **NON-DISCLOSURE AGREEMENT**
                                               :
NBCUNIVERSAL MEDIA, LLC,                       :
                                               :
                         Defendant.            :
------------------------------------------------------------------- x


      I, _____, state that:

      1.     My personal / work (circle one) address is

_____.

      2.     My present employer, if applicable, is _____.

      3.     I have received a copy of the First Amended Stipulation and Protective Order entered in the above-entitled action.

      4.     I have carefully read and understand the provisions of the Stipulated Protective Order Governing Discovery Materials (the "Protective Order") and will comply with all of the provisions thereof.

      5.     I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, any Confidential Material that is disclosed to me.

      6.     I will return all Confidential Material or Attorneys' Eyes Only Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received such material.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order, and I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Signature

_____
Printed Name

_____
Date