

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.340 fax

lizmcnamara@dwt.com

June 2, 2023

**VIA ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Devin G. Nunes v. NBCUniversal Media, LLC*, l:22-cv-01633-PKC
             Request for an Informal Conference regarding Discovery Dispute

Dear Judge Castel:

      We are counsel to Defendant NBCUniversal Media, LLC ("NBCU") in this defamation action filed by Plaintiff Devin G. Nunes ("Plaintiff").  NBCU submits this letter, pursuant to Your Honor's Individual Practice 3.B., to respectfully request an informal conference with the Court pursuant to Local Rule 37.2 to address a discovery dispute.  NBCU certifies, pursuant to Federal Rule of Civil Procedure 37(a)(1), that it attempted to confer in good faith with Plaintiff to resolve this dispute without the Court's intervention, as more fully described herein.  Per the Court's Scheduling Order, fact discovery in this action closes on August 2, 2023.  Dkt. 62.  There is a Case Management Conference currently scheduled before the Court on September 6, 2023.

      I.   **Relevant Facts**

      This action arises out of a March 18, 2021 segment (the "Segment") on *The Rachel Maddow Show* reporting on a newly issued report from Office of the Director of National Intelligence, which concluded that Russia had attempted to influence the 2020 U.S. elections and identified Andriy Derkach as an "active Russian agent."  The Segment tied this new information to previously published reports concerning an official House Intelligence Committee meeting where it was discussed that then-Representative Nunes had received a package from Derkach, and that he refused to turn it over to members of the intelligence community.

      On August 3, 2021, Plaintiff filed this lawsuit against NBCU in the Eastern District of Texas alleging that several statements made within the Segment were defamatory.  Dkt. 1.  NBCU moved to dismiss for lack of personal jurisdiction and improper venue on October 28, 2021, Dkt. 5, and was transferred to this Court in February 2022.  Dkt. 22.  On March 28, 2022, Plaintiff filed a First Amended Complaint against NBCU.  Dkt. No. 28.  On May 12, 2022, in accordance with this Court's April 28, 2022 Minute Entry, and in response to NBCU's pre-motion letter, Nunes filed the operative Second Amended Complaint against NBCU.  Dkt. No. 40.  NBCU moved to dismiss the SAC, Dkt. 44, and on November 28, 2022, this Court largely granted NBCU's motion.

Hon. P. Kevin Castel
June 2, 2023
Page 2

Dkt. 57.  Per the Court's Order on NBCU's motion to dismiss, only one statement remains at issue: that Plaintiff Nunes "has refused to hand it [e.g., the Derkach package] over to the FBI . . ." Dkt. 57, at 21.

In short, despite the fact that it has been almost six months since the commencement of discovery and almost *two years* since Plaintiff originally filed suit, Plaintiff has failed to produce *any* substantive evidence to support his claims beyond previously identified documents.  Instead, he has largely stonewalled NBCU's efforts to obtain relevant documents by providing non-substantive responses, failing to produce documents even when Plaintiff's own responses commit to doing so, and failing to engage meaningfully in the discovery process other than to ask for belated extensions.

A timeline of the discovery process in this case to date is as follows:

- **January 5, 2023** – NBCU served Plaintiff with its initial Requests for Production of Documents ("RFPs") and Interrogatories ("ROGs") (collectively, the "Initial Discovery Requests") (Ex. A, B).

- **February 6, 2023** – Plaintiff failed to meet his deadline to respond to the Initial Discovery Requests. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

- **February 13, 2023** – NBCU contacted Plaintiff to raise his lack of response. Plaintiff requested until February 17, 2023 to respond to the Discovery Requests. NBCU consented to this request.  Ex. C.

- **February 17, 2023** – Plaintiff served his responses and objections to the Initial Discovery Requests.  Ex. D.

- **February 23, 2023** – Plaintiff sent NBCU a sparse initial production of documents.[1]

- **March 8, 2023 –** NBCU sent Plaintiff a letter (the "Deficiency Letter") (Ex. E), requesting to meet and confer regarding various deficiencies in his responses and production, and requesting a response by March 15, 2023.

- **March 30, 2023** – Having received no response to the deficiency letter, NBCU followed-up with Plaintiff asking for a response by April 4, 2023. Ex. F.  Plaintiff responded by asking for an extension until April 15, 2023 to address the Deficiency Letter and supplement his production.  *Id.*  Further, NBCU served a second set of discovery requests (the "Second Discovery Requests"), largely seeking specific documents relevant to Plaintiff's alleged damages of $275 million.  Ex. G.

---

[1] Plaintiff's initial production consisted of eight documents, but all but one of the documents had already been submitted in connection with the NBCU's motion to dismiss: (1) a copy of the U.S. House of Representatives Ethics Manual; (2) 145 pages of U.S. House of Representatives Payroll Certifications for Plaintiff's congressional staffers; (3) the December 11, 2019 letter from Plaintiff to William P. Barr (SAC at ¶ 13); (4) the public transcript of the July 29, 2020 House Intelligence Committee meeting (Dkt. 46-4); (5) the March 10, 2021 report by the National Intelligence Council (Dkt. 46-9); (6) House Resolution 243 (SAC at ¶ 25(e)); (7) a July 29, 2020 Breitbart article reporting on the July 29 House Intelligence Committee meeting (Dkt. 46-6); and (8) Plaintiff's April 5, 2021 Retraction Demand Letter to NBCU.

- **April 3, 2023** – NBCU agreed to an extension for any supplemental production, but insisted on an immediate response to the issues raised in its Deficiency Letter. Ex. F.

- **April 7, 2023** – After receiving no further response, NBCU sent a follow-up email to which Plaintiff replied that he would respond to the Deficiency Letter by Sunday, April 9, 2023. Ex. F.

- **April 9, 2023** – Plaintiff failed to respond to the Deficiency Letter despite his self-imposed deadline.

- **April 16, 2023** – Plaintiff sent supplemental responses and objections to NBCU's Initial Discovery Requests, promising to produce additional responsive documents, but no additional documents were produced. Ex H.

- **April 27, 2023** – Plaintiff's counsel accepted service of six third-party subpoenas—some of which were directed to his former congressional staffers—seeking the production of relevant documents from these individuals (as well as depositions). The subpoenas required that relevant documents be produced within 30 days of service or on May 30, 2023.

- **April 28, 2023** – Plaintiff produced one additional document (a single page of Plaintiff's schedule for December 11, 2020).

- **May 1, 2023** – Following a meet and confer with NBCU, Plaintiff served responses and objections to NBCU's Second Discovery Requests indicating that he would produce additional documents. Ex J. No such documents were ever produced.

- **May 30, 2023** – Once again failing to meet the relevant deadline, Plaintiff's counsel neither responded or objected to the third-party subpoenas, nor produced any documents from these third-parties to date.

NBCU has received minimal discovery to date. Meanwhile, NBCU has responded to Plaintiff's initial interrogatories and requests for production, served on March 6 and 7, 2023 respectively, and have produced responsive documents. Additional responsive documents will be produced by NBCU in the next few weeks.

Accordingly, despite multiple attempts to resolve this discovery dispute without Court intervention, no meaningful progress is being made in terms of either the meet-and-confer process or Plaintiff's production of documents and discovery responses in support of his claim. NBCU now seeks a conference with the Court.

### II. Specific Deficiencies

Although NBCU identified a significant number of issues with Plaintiff's Discovery Responses in its Deficiency Letter (Ex. E), NBCU now raises two global deficiencies for this Court's consideration at the informal conference in the interest of judicial economy. NBCU expressly reserves the right to raise any remaining, unaddressed deficiencies in the future.

Hon. P. Kevin Castel
June 2, 2023
Page 4

### A. Plaintiff Has Failed to Preserve Relevant Records

Plaintiff's Discovery Responses confirm that he has failed to preserve, collect, and produce documents directly relevant to this litigation. Initially, as noted, the segment of *The Rachel Maddow Show* at issue aired on March 18, 2021. Plaintiff contemplated litigation against NBCU as early as April 5, 2021, when he sent a Retraction Demand Letter to NBCU regarding the segment. Plaintiff proceeded to file this lawsuit on August 3, 2021, five months before he resigned from Congress in January 2022. Notwithstanding Plaintiff's admission that the claims in this litigation "went to the very heart of his duties and responsibilities as Ranking Member of the House Intelligence Committee," Ex. D at 12 (ROG Response 1), Plaintiff admits that he did not retain records relevant to an action he commenced prior to leaving Congress. Instead, Plaintiff acknowledges in his ROG responses that "[a]ny physical and electronic files from my congressional office would have been left with the House of Representatives upon my departure from Congress." *See* Ex. D at 27 (ROG Responses 12–13). He has provided no explanation as to why he took no action to preserve such documents even though he clearly had custody or control of the documents prior to leaving Congress.

Plaintiff's productions to date confirm that he has abandoned or destroyed relevant documents, as he has not produced a single email, text message, or other like communication; he has not produced any schedules, calendars (except for one page), or memoranda; and he has not produced a single document supporting his demand for $275 million in damages.[2] Plaintiff's preservation obligations are unambiguous: he was required to maintain any relevant records as soon as he contemplated bringing this lawsuit.[3] *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 494 (S.D.N.Y. 2022) ("The duty to preserve arises 'when a party should have known that the evidence may be relevant to future litigation.'") (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). But in the face of these clear obligations, it appears that Plaintiff failed to preserve relevant documents upon his resignation from Congress. As such, NBCU respectfully requests that the Court compel Plaintiff to provide further explanation for his apparent spoliation of evidence, and should the explanation be wanting, that the Court impose an adverse inference and/or impose sanctions against Plaintiff.[4]

### B. Plaintiff's Search For Records Was Inadequate

Plaintiff's Discovery Responses are substantially deficient for the additional reason that he failed to undertake a reasonable search for responsive documents over which he has "possession, custody, or control." Fed. R. Civ. P. 34. As previously noted, Plaintiff filed this suit prior to his resignation from Congress. Accordingly, documents should have been collected and produced from several custodians, including Plaintiff's staffers and other employees serving in Plaintiff's

---

[2] Plaintiff's only response to NBCU's RFP Nos. 6, 7, 9, 10, 12, 13, 16, 28, 30, 33, and 34 is "None." *See* Ex. D at 32–35, 38–40.

[3] While Plaintiff filed this lawsuit in August 2021, he clearly contemplated filing this litigation at least as early as April 5, 2021 when he sent a retraction demand letter to NBCU. *See* SAC ¶ 24.

[4] *See FTC v. Noland*, 2021 WL 3857413, at *19 (D. Ariz. Aug. 30, 2021) (granting adverse inference and sanctions where party failed "to take reasonable steps to preserve the Signal and ProtonMail messages . . . irrespective of whether the messages were lost because of intentional deletion, through the intentional use of an auto-delete function, or some combination thereof"); *Sjs Distrib. Sys. v. Sam's East, Inc.*, 2013 WL 5596010, at *4 (E.D.N.Y. Oct. 11, 2013) (plaintiff's failure to preserve was "particularly inexcusable" because plaintiff "had knowledge of the possibility of future litigation") (quoting *Sekisui Am. Corp. v. Hart*, 945 F. Supp. 2d 494, 507 (S.D.N.Y. Aug. 15, 2013)).

congressional, committee, or campaign offices. By Plaintiff's own admission, staff members had knowledge relevant to this litigation and were under his control. *See*, *e.g.*, Ex. D at 25–27 (ROG Responses 4–5, & 9–10). However, it appears that Plaintiff took no steps to preserve documents or obtain information from these individuals.[5] And as detailed previously, Plaintiff's search of his own documents was woefully inadequate and/or indicative of spoliation. *See supra* at 2, n.2.

Independently, Plaintiff failed to provide complete answers to several ROGs. For example, he has not provided complete contact information for individuals he identifies as former staff members (*see* Ex. H at 6) and, in some cases, fails to identify individuals, instead relying on vague descriptions such as an "unnamed lawyer" and "various HPSCI Republican members." (Ex. E at 4–5). These answers are insufficient. *See* 8B Fed. Prac. & Proc. Civ. § 2177 (3d ed.) ("[I]nterrogatories should be answered directly and without evasion in accordance with information that the answering party possesses after due inquiry."). Plaintiff's failure to search for, preserve, and provide information within his custody and control renders his Discovery Responses deficient, and the Court should compel Plaintiff to provide complete responses and supplement his production.

\* \* \*

These global issues present a significant barrier to discovery proceeding in this case. Therefore, for the reasons stated herein, including the exhibits attached hereto, NBCU respectfully requests an informal discovery conference in an attempt to address these issues and resolve this discovery dispute.

Respectfully Submitted,

Davis Wright Tremaine LLP

Elizabeth A. McNamara

cc: Counsel of record (via ECF)

---

[5] As noted above, although Plaintiff's counsel accepted service of the subpoenas on April 27, 2023 and was required to produce any responsive documents by May 30, 2023, again, no documents have been received by NBCU.