MATTHEW BERRY
GENERAL COUNSEL

TODD B. TATELMAN
DEPUTY GENERAL COUNSEL

BROOKS M. HANNER
ASSOCIATE GENERAL COUNSEL

**U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL**
5140 O'NEILL HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

SALLY CLOUSE
ASSOCIATE GENERAL COUNSEL

BRADLEY CRAIGMYLE
ASSOCIATE GENERAL COUNSEL

RACHEL A. JANKOWSKI
ASSISTANT GENERAL COUNSEL

ANDY T. WANG
ASSISTANT GENERAL COUNSEL

February 23, 2024

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re: ***Devin G. Nunes v. NBCUniversal Media, LLC***, 1:22-cv-01633-PKC-SN

Dear Judge Netburn:

      The House Permanent Select Committee on Intelligence (HPSCI or Committee) respectfully submits this brief letter in response to a few discrete points made in the submissions from both Plaintiff Devin Nunes (ECF 97), and Defendant NBCUniversal (ECF 99).  The Committee believes that this short response will aid the Court in its review of the Speech or Debate Clause objections at issue.

      *First*, both Nunes and NBCUniversal attempt to argue that information related to HPSCI's receipt, handling, review, and processing of the "Derkach Package" is merely "administrative" and, thus, falls outside the protections of the Speech or Debate Clause.  *See* ECF 97 at 2-3; ECF 99 at 5.  This argument is wrong and finds no support in Speech or Debate Clause jurisprudence, as evidenced by the fact that neither party cites any Speech or Debate case law to support this proposition.  Actions taken by HPSCI Members and staff regarding the "Derkach Package" constitute information gathering, which is a legislative act protected by the Clause.[1]  For a congressional committee such as HPSCI, information gathering necessarily includes making determinations about, among other things, the creditability, classification, and safety of documents received.  This is especially the case where, as here, the documents are

---

[1] *See, e.g.*, *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 504 (1975) ("A legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change.") (quoting *McGrain v. Daugherty*, 273 U.S. 135, 175 (1927)); *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 416 (D.C. Cir. 1995) ("The privilege [] permits Congress to conduct investigations and obtain information without interference from the courts… ."); *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 530 (9th Cir. 1983) ("Obtaining information pertinent to potential legislation or investigation is one of the 'things generally done in a session of the House,' concerning matters within the 'legitimate legislative sphere.'") (citation omitted); *McSurely v. McClellan*, 553 F.2d 1277, 1286 (D.C. Cir. 1976) (en banc) ("We have no doubt that information gathering … is essential to informed deliberation over proposed legislation."); *SEC v. Comm. on Ways and Means*, 161 F. Supp. 3d 199, 242 (S.D.N.Y. 2015) ("[L]egislative information gathering … is protected under the Speech or Debate Clause.").

The Honorable Judge Netburn
February 23, 2024
Page 2

suspected of having come from a foreign and potentially hostile source. Thus, how HPSCI Members and staff received, handled, evaluated, and ultimately disposed of the "Derkach Package" is not merely "administrative" in nature, but rather is a substantive part of the investigative process central to a well-informed Congress. Accordingly, HPSCI is entitled to Speech or Debate Clause protection regarding all its actions related to the "Derkach Package."

*Second*, both parties contend that questions regarding Plaintiff's December 11, 2019 letter to the FBI are not privileged because the information sought "centers on HPSCI's interactions with …an executive agency." ECF 99 at 5; *see also* ECF 97 at 2 ("[C]ommunication and interactions with the Executive Branch, even if pertaining to an agency's administration and execution of a federal statute, is unprotected as there is no connection to the legislative work of Congress."). This argument also misses the mark and misapplies Supreme Court case law.

While it is true that certain congressional communications with the Executive Branch are not protected by the Speech or Debate Clause, those communications involve a particular set of characteristics not present here. Specifically, the Supreme Court has held that when Members of Congress seek to "cajole[] and exhort with respect to the administration of a federal statute," *Gravel v. United States*, 408 U.S. 606, 625 (1972), or when they attempt to "influence" Executive departments or agencies, *United States v. Johnson*, 383 U.S. 169, 172 (1966), their actions are not protected by the Clause. However, congressional oversight and information gathering, which also involves communications with the Executive Branch, has been consistently held to be legislative in nature and, therefore, absolutely protected by the Clause.[2] Contrary to the parties' assertions, the December 11, 2019 letter at issue does not contain any of the features that would remove it from the ambit of Speech or Debate Clause protection. The letter seeks neither to "cajole" nor to "influence" the FBI in any way. Rather, it asks that the FBI review the "Derkach Package" and specifically requests a meeting to discuss the Ranking Member's concerns that the package was part of a "foreign disinformation campaign." ECF 40 at ¶ 13. In other words, the letter is part of the Committee's information gathering process because it seeks the expert views of the FBI on the package, its origins, and its contents. Accordingly, the letter constitutes the legislative act of information gathering and is protected by the Speech or Debate Clause.

*Third*, NBCUniversal errs by arguing that "HPSCI never ties the facts at the center of NBCUniversal's questioning … directly to any contemplated or actual legislation." ECF 99 at 5. This is not a requirement HPSCI must satisfy. Rather, HPSCI is required only to demonstrate that its efforts were in furtherance of an inquiry with a subject that is "one 'on which legislation could be had.'" *Eastland*, 421 U.S. at 504 n.15 (quoting *McGrain*, 273 U.S. at 177). As the Supreme Court has made clear, the legitimacy of a congressional inquiry is not limited to or defined by what legislation, if any, it produces. "The very nature of the investigative function–

---

[2] *See, e.g.*, *United States v. Dowdy*, 479 F.2d 213, 223-25 (4th Cir. 1973) (holding that Congressman's acceptance of documents from and conversations with federal agencies constituted protected legislative acts.); *Jewish War Veterans of the USA, Inc. v. Gates*, 506 F. Supp. 2d 30, 55 (D.D.C. 2007) (finding that "Congress's efforts to apprise itself of governmental affairs were protected.").

2

The Honorable Judge Netburn
February 23, 2024
Page 3

like any research–is that it takes the searchers up some 'blind alleys' and into nonproductive enterprises. To be a valid legislative inquiry there need be no predictable end result." *Eastland*, 421 U.S. at 509. Here, whether the "Derkach Package" ended up aiding HPSCI's legislative efforts is of no moment. It is undisputed not only that HPSCI was investigating foreign interference in domestic elections, but also that it considered legislation on that topic. *See* ECF 96 at 4, n.14. The fact that election interference by foreign actors is a subject within HPSCI's legislative jurisdiction and one "on which legislation could be had," *McGrain*, 273 U.S. at 177, is more than sufficient to sustain HPSCI's Speech or Debate Clause objections.

*Fourth*, NBCUniversal makes two arguments to support its assertion that questions regarding the July 13, 2020 HPSCI business meeting are outside the scope of the Speech or Debate Clause. *See* ECF 99 at 5-6. Both fail.

To start, NBCUniversal claims that the purpose of the July 29, 2020 business meeting was to "influence an executive agency." *Id.* at 5. Not so. The purpose of the meeting was to discuss and vote on a request to release certain classified information obtained by HPSCI to the Members of the full House pursuant to Committee Rule 14(f).[3] Regardless, the Supreme Court has made clear that "conduct at legislative committee hearings … is within the sphere of legitimate legislative activity." *Gravel*, 408 U.S. at 624 (quotation marks and citation omitted). Furthermore, "in determining the legitimacy of a congressional act we do not look to the motives alleged to have prompted it." *Eastland*, 421 U.S. at 508; *accord X-Men Sec., Inc. v. Pataki*, 196 F.3d 56, 71-72 (2d Cir. 1999). Instead, "once it is determined that Members are acting within the legitimate legislative sphere, the Speech or Debate Clause is an absolute bar to interference." *Eastland*, 421 U.S. at 503 (quotation marks omitted). Thus, irrespective of the motivation for the business meeting, it is protected by the Clause. Here, HPSCI was conducting the legislative business of the Committee, pursuant to its Committee Rules and the Rules of the House, which require all House Committees to conduct regular business meetings.[4]

Similarly, NBCUniversal's argument that Plaintiff's testimony that Representative Maloney's questions at the business meeting were procedurally improper somehow defeats or overcomes the applicability of the Speech or Debate Clause also fails. *See* ECF 99 at 5-6. It is well established that "[a]n act does not lose its legislative character simply because a plaintiff alleges that it violated the House Rules … Such is the nature of absolute immunity, which is—in a word—absolute." *Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015) (citing *Doe v. McMillan,* 412 U.S. 306, 312-13 (1973); *Eastland,* 421 U.S. at 509-10) (other citations

---

[3] *See Authorizing Member Access Requests to review classified documents: Business Meeting Before HPSCI*, 116th Cong. 5 (July 29, 2020), *available at* https://perma.cc/8FEC-ENHV; Rule 14(f)(2), Rules of the Permanent Select Committee on Intelligence, 116th Cong. (2019), *available at* https://perma.cc/3KUS-5GY4. ("The Committee shall determine, by record vote, what action it deems appropriate in light of all of the circumstances of each request.").

[4] *See* Rule XI.2(b), Rules of the U.S. House of Representatives, 118th Cong. (2023) *available at* https://perma.cc/3UX4-2YG5.

The Honorable Judge Netburn
February 23, 2024
Page 4

omitted)).[5]  Accordingly, questions regarding the July 29, 2020 business meeting are clearly protected by the Speech or Debate Clause.

 *Finally,* whether HPSCI's assertion of privilege may impede or adversely affect the underlying litigation, *see* ECF 99 at 1 & 3, is irrelevant to any analysis of whether Speech or Debate Clause protection applies.  The Speech or Debate Clause privilege is absolute, not qualified.[6]

 For all the reasons explained above and in HPSCI's initial letter brief, the information it seeks to protect relates to acts within the "legitimate legislative sphere" and its Speech or Debate Clause objections should be sustained.

        Respectfully submitted,

        Matthew B. Berry (VA Bar No. 42600)
         *General Counsel*
        */s/ Todd B. Tatelman*
        Todd B. Tatelman (VA Bar No. 66008)
         *Deputy General Counsel*

        OFFICE OF GENERAL COUNSEL
        U.S. HOUSE OF REPRESENTATIVES
        5140 O'Neill House Office Building
        Washington, DC 20515
        Telephone: (202) 225-9700
        Todd.Tatelman@mail.house.gov

        *Counsel for the Permanent Select Committee on Intelligence of the U.S. House of Representatives*

---

[5] *See also Bogan v. Scott–Harris,* 523 U.S. 44, 54-55 (1998) ("The privilege of absolute immunity would be of little value if legislators could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader." (brackets and quotation mark omitted)); *Eastland,* 421 U.S. at 508-09 ("If the mere allegation that a valid legislative act was undertaken for an unworthy purpose would lift the protection of the Clause, then the Clause simply would not provide the protection historically undergirding it.").

[6] *See, e.g.*, *Eastland*, 421 U.S. at 501 ("[T]he prohibitions of the Speech or Debate Clause are absolute.") (citing *McMillan*, 412 U.S. at 312-313; *United States v. Brewster*, 408 U.S. 501, 516 (1972); *Gravel*, 408 U.S. at 623 n. 14 (1972); *Powell v. McCormack*, 395 U.S. 486, 502-03 (1969); *Johnson*, 383 U.S. at 184-85; *Barr v. Matteo*, 360 U.S. 564, 569 (1959)) (other citations omitted).