UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DEVIN G. NUNES,

                                        Plaintiff,                          22-CV-01633 (PKC)(SN)

                -against-                                                   **ORDER**

NBCUNIVERSAL MEDIA, LLC,

                                        Defendant.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/19/2024_

**SARAH NETBURN, United States Magistrate Judge:**

        The discovery issues before the Court may present questions of first impression. Because

the parties did not adequately address these matters, the Court requests additional briefing.

Specifically, the Court seeks supplemental briefing on who is the holder of the constitutional

Speech or Debate privilege asserted by counsel for the House Permanent Selection Committee

on Intelligence ("HPSCI"). Assuming that the privilege is held only by a Member of Congress,

and not a legislative committee, does a Member waive the privilege when he initiates a civil

lawsuit about matters protected by the privilege? Alternatively, if the filing of a lawsuit does not

constitute a wholesale waiver of the matter at issue, may a Member selectively waive the

privilege as to certain relevant matters but not others?

## BACKGROUND

        On March 18, 2021, when Devin G. Nunes, the Plaintiff, was a Member of Congress,

NBCU, through a telecast of The Rachel Maddow Show, published a single allegedly

defamatory statement: "[Devin Nunes] has refused to hand [the Derkach package] over to the

F.B.I." ECF No. 40, Second Am. Compl. ("SAC"), ¶ 2. "The Derkach package" refers to a

package sent by Andriy Derkach, reportedly a Russian agent who attempted to influence the 2020 U.S. presidential election. Id. at ¶ 3. According to Nunes, he "did *not* accept a package from Derkach." Id. at ¶ 13. Rather, Nunes claims that the "package came to the House Intelligence Committee," and he "immediately turned the package over to the F.B.I." Id.

A central issue is whether Nunes gave the Derkach package to the FBI. During the deposition of *Nunes's* former Director of Communications, Jacob Langer, *counsel for the HPSCI* repeatedly objected to questions about this subject by asserting the Speech or Debate privilege. See, e.g., Tr. at 161:3-5 ("Objection. Again, to the extent he knows from his work with HPSCI, we would instruct him not to answer."). At Langer's deposition, HPSCI counsel invoked the Speech or Debate Clause privilege in response to questions on: (1) the receipt, handling, and transfer of the Derkach package; (2) communications with HPSCI members about the package; and (3) a July 29, 2020 HPSCI business meeting. For his part, Nunes takes a different view; Nunes asserts that Langer could testify about whether the package was delivered to the FBI, an executive agency, but that the privilege would protect against testimony that is "purely about HPSCI or its internal operations." Nunes Priv. Ltr. at 3.

**DISCUSSION**

## I.     Speech or Debate Clause

The Speech or Debate Clause provides that, "for any Speech or Debate in either House, [Senators and Representatives] shall not be questioned in any other Place." U.S. Const. art. I, § 6, cl. 1. The Clause "provides Members of Congress with two distinct privileges." Gravel v. United States, 408 U.S. 606, 614 (1972). First, the Clause confers immunity on legislators and their aides "from liability for their actions within the 'legislative sphere.'" Doe v. McMillan, 412 U.S. 306, 312 (1973). Second, the Clause protects legislators and their aides from answering questions

or providing documents related to legislative acts. Gravel, 408 U.S. at 616, 618 (finding that under the Speech or Debate Clause, a legislator "may not be made to answer – either in terms of questions or in terms of defense from prosecution – for the events that occurred at [a] subcommittee meeting," because the meeting constituted "a protected legislative act"); see also Wright & Graham, § 5675 (explaining that the Clause provides "both a substantive immunity from civil and criminal liability and an evidentiary privilege against the use of statements made in the legislative process"). This dispute concerns the evidentiary privilege.

The purpose of the Speech or Debate Clause privilege is "to prevent intimidations of legislators by the Executive and accountability before a possibly hostile judiciary" and to "protect a legislator from the burden of defending himself." Gravel, 408 U.S. at 617; Powell v. McCormack, 395 U.S. 489, 502 (1969). The Court has been unable to locate a case where a Member initiated a civil lawsuit against a private party and then asserted the Speech or Debate Clause to withhold discovery.

The privilege is "invocable only by the Senator or by the aide on the Senator's behalf." Gravel, 408 U.S. at 622. Thus, when "construing the privilege a Member and his aide are to be 'treated as one.'" Id. at 616. See also Rangel v. Boehner, 785 F.3d 19, 25 n.3 (D.C. Cir. 2015) (citing Gravel, 408 U.S. at 621-22 & n.13) ("Of course, the Speech or Debate Clause is technically 'the privilege of the [Member]' and congressmen can therefore 'waive' the immunity of their aides."). Relatedly, a Member may assert only his own privilege; he may not assert the privilege of others. Gilby v. Hughs, 471 F. Supp. 3d 763, 767 (W.D. Tex. 2020) ("A legislator cannot assert or waive the privilege on behalf of another legislator."); Perez v. Perry, No. 11-cv-360 (OLG) (JES), 2014 WL 106927, at *16 (W.D. Tex. Jan. 8, 2014) (holding that "neither the Governor, nor the Secretary of State or the State of Texas has standing to assert the legislative

privilege on behalf of any legislator or staff member that may be deposed" because "[t]he legislative privilege is a personal one and may be waived or asserted by each individual legislator"); Wright & Graham, § 5675 ("The speech or debate privilege belongs to the legislator whose legislative act is involved in the evidence.").

The Speech or Debate Clause privilege is absolute. A Member, however, may waive the privilege. Waiver of the Speech or Debate Clause's immunity privilege "can be found only after explicit and unequivocal renunciation of the protection." United States v. Helstoski, 442 U.S. 477, 491 (1979).

The parties' briefing focuses on the scope of the privilege asserted by counsel for the HPSCI. But no one addresses who holds the privilege and whether Nunes's has waived his privilege for the matters at issue by filing this lawsuit. Accordingly, the Court seeks supplemental briefing. The parties and HPSCI shall address:

- Who holds the privilege that applies to Langer's testimony? To the extent the privilege applies differently to other witnesses, the parties and HPSCI should discuss that.

- If the privilege is exclusively held by Nunes, did Nunes waive the privilege as to all matters at issue in this litigation by filing this lawsuit? If the lawsuit does not constitute a waiver, what issues of fundamental fairness and due process should the Court consider?

- To the extent that this lawsuit does not act as a wholesale waiver of all matters at issue, may Nunes selectively waive the privilege as to certain matters but not others, as he suggests?

- Any other issue that bears on the Court's consideration of this question.

## II.   Preservation

The parties further dispute whether Nunes has failed to preserve and produce relevant documents. The allegedly defamatory statement was published on March 18, 2021, and Nunes contemplated litigation at least as early as April 5, 2021, when he sent a Retraction Demand to

NBCU. It is undisputed that Nunes did not issue a written preservation request to his staff. Although Nunes testified that he told his staff to preserve relevant communications and documents, that allegation is disputed by some staffers.

Nunes argues simultaneously that "there was very little written communication" between him and his staff, and that any relevant communications cannot be disclosed because of the Speech or Debate privilege asserted by HPSCI. Nunes Pres. Ltr. at 2, 3. He also seems to suggest that the staffers he disclosed in discovery would not have relevant information anyway because they lacked security clearance, and the staff with security clearance were not involved in the receipt of a package from a Russian agent and the transfer of that package to the FBI. Nunes Pres. Ltr. at 3. It is entirely unclear to the Court who Nunes consulted with among his staff regarding this event.

Regardless, Nunes's argument that there are no relevant documents is substantially undermined by the production of (i) a relevant email between Langer and a staffer to Rep. Rick Crawford, and (ii) relevant text messages between Nunes and Langer from Langer's personal cellphone. Contrary to Nunes's argument, the production of these documents suggests other documents existed that were not preserved. In addition, Nunes affirmatively asserts that "records of HPSCI have been maintained." Nunes Pres. Ltr. at 2.

With respect to the privilege assertion, the Court's resolution of the privilege dispute may resolve this matter. Specifically, Nunes asserts that several of his staffers "may have created" relevant documents, "but those witnesses are or were HPSCI staffers and subject to the issue of Speech or Debate clause privilege asserted by the House of Representatives counsel."[1] Nunes Pres. Ltr. at 2. Similarly, NBCU has recognized that Nunes's production deficiencies are "due in

---

[1] Nunes did not cite the Speech or Debate Clause privilege when he listed all relevant documents on July 31, 2023.

part . . . to Privilege objections asserted by HPSCI." NBCU Priv. Ltr. at 3. For present purposes, however, it appears that HPSCI has not produced a privilege log, which might assist the Court in determining whether relevant documents exist but have been properly withheld or whether Nunes likely had other documents or communications that he failed to preserve. Accordingly, when the parties and HPSCI submit their supplemental letters on the Speech or Debate Clause, HPSCI shall produce a privilege log or explain why logging the withheld documents is not warranted. To the extent Nunes is withholding documents based on the Speech or Debate Clause, he shall also produce a privilege log or explain why he is exempt from that discovery obligation. Nunes shall also explain why his search efforts failed to uncover the email communication between Langer and Rep. Crawford's staffer. Counsel is specifically reminded of his obligations to the Court under Federal Rules of Civil Produce 26(g)(1) and 26(g)(3).

## CONCLUSION

The Court requests additional briefing. HPSCI and Nunes shall each file their supplemental letter by March 29, 2024. NBCU shall file a responsive letter by April 5, 2024. Absent further order of the Court, each letter shall not exceed five pages. The parties and HPSCI shall address:

- Who holds the privilege that applies to Langer's testimony? To the extent the privilege applies differently to other witnesses, the parties and HPSCI should discuss that.

- If the privilege is exclusively held by Nunes, did Nunes waive the privilege as to all matters at issue in this litigation by filing this lawsuit? If the lawsuit does not constitute a waiver, what issues of fundamental fairness and due process should the Court consider?

- To the extent that this lawsuit does not act as a wholesale waiver of all matters at issue, may Nunes selectively waive the privilege as to certain matters but not others, as he suggests?

- Any other issue that bears on the Court's consideration of this question.

Additionally, to the extent HPSCI and/or Nunes is withholding documents based on the Speech or Debate privilege, they shall file a privilege log consistent with the Federal Rules of Civil Procedure, or explain why such Rules do not apply.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      March 19, 2024
            New York, New York