UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DEVIN G. NUNES,

                                                **Plaintiff,**                                          22-CV-01633 (PKC)(SN)

                  -against-                                                             **ORDER**

NBCUNIVERSAL MEDIA, LLC,

                                             **Defendant.**

------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Pending before the Court are two discovery disputes. First, Defendant NBCUniversal Media, LLC ("NBCU") argues that the Speech or Debate Clause privilege does not preclude certain testimony of Jacob Langer, a former Communications Director for Plaintiff Devin G. Nunes and the House Permanent Select Committee on Intelligence ("HPSCI"). Nunes joins NBCU's argument in part. Second, NBCU asks the Court to sanction Nunes for failing to preserve or produce relevant documents. The factual background to these disputes can be found in the Court's March 19, 2024 Order, which requested supplemental briefing on the Speech or Debate Clause and preservation issues. See ECF No. 104.

## DISCUSSION

**I.     Speech or Debate Clause**

       The Court requested supplemental briefing on two issues related to the Speech or Debate Clause: (1) whether HPSCI holds the privilege that applies to Langer's testimony; and (2) whether Nunes waived the privilege as to all matters at issue in this litigation.

On the first issue, the parties agree that HPSCI's privilege extends to Langer for questions related to his work at HPSCI. "Although the text of the Clause frames the immunity as belonging to 'Senators and Representatives,' the Court of Appeals has applied the immunity to individual Members of Congress and congressional committees alike." Meadows v. Pelosi, 639 F. Supp. 3d 62, 69 (D.D.C. 2022) (collecting D.C. Circuit Court of Appeals cases); see also Tenney v. Brandhove, 341 U.S. 367 (1951) (applying the Speech or Debate Clause privilege to a legislative committee). Langer is uniquely situated, having worked for both Nunes and HPSCI. Accordingly, HPSCI holds the privilege as it extends to Langer's work for HPSCI, but it does not hold the privilege as it extends to Langer's work for Nunes.

On the second issue, Nunes has clarified that he has not invoked the Speech or Debate Clause privilege in this litigation. Accordingly, the Court does not need to decide whether Nunes has waived the privilege.

The Court turns to HPSCI's privilege assertions. HPSCI asserts the privilege in connection with two categories of questions at Langer's deposition: (1) "questions related to HPSCI's July 2020 business meeting"; and (2) "questions related to HPSCI's receipt, handling, review, and processing of the so-called 'Derkach Package.'" ECF No. 96, HPSCI Priv. Ltr. at 3, 5. Nunes argues that the privilege should not apply to questions related to HPSCI's administrative matters, which includes "testimony about whether the package at issue was turned over to the FBI, an Executive Branch agency. . . ." ECF No. 105, Nunes Priv. Ltr. at 4. NBCU argues that the Speech or Debate Clause privilege does not apply to any of the questions asked at Langer's deposition.

A.      The Business Meeting

The Speech or Debate Clause privilege applies to questions about the July 29, 2020 HPSCI business meeting. The privilege protects legislators from answering questions about conduct "within the sphere of legitimate legislative activity." Eastland, 421 U.S. 491, 503 (1975). That sphere includes "a Member's conduct at legislative committee hearings" and any other matters that are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings." Gravel v. United States, 408 U.S. 606, 624 (1972). Committee meetings, like the July 29, 2020 HPSCI business meeting, fall within this definition and are therefore legitimate legislative activities protected by the privilege.

NBCU argues that the privilege does not apply to questions about the business meeting for two reasons. First, NBCU argues that because "the purpose of th[e] meeting was congressional efforts to influence an executive agency," the privilege should not apply. ECF No. 99, NBCU Priv. Ltr. at 5. But the focus of the meeting was Russia's "effort to undermine our elections" and HPSCI's related request for the FBI to provide "a defensive counterintelligence briefing to the entire Congress regarding foreign efforts to interfere in the 2020 Presidential election." HPSCI Business Meeting Transcript (July 29, 2020), at 3-4.[1] Rather than attempting to influence the FBI, HPSCI was attempting to investigate election interference and gain information that could inform any related legislation. Because the "the power to investigate is inherent in the power to make laws," exercises of such power are protected legislative activities. Eastland, 421 U.S. at 504. Accordingly, questions about the business meeting fall within the privilege's scope.

---

[1] A transcript of the July 29, 2020 HPSCI business meeting can be found at: https://www.congress.gov/116/meeting/house/109721/documents/HMKP-116-IG00-Transcript-20200729.pdf [https://perma.cc/Z7TS-BPXE].

Second, NBCU argues that the questions asked to Nunes at the business meeting were "patently improper" and were therefore "unrelated to any legislative activity." NBCU Priv. Ltr. at 5. An act, however, "does not lose its legislative character simply because a [party] alleges that it violated the House Rules, or even the Constitution." Rangel v. Boehner, 785 F.3d 19, 24 (D.C. Cir. 2015). Accordingly, regardless of whether questions asked at the business meeting violated House or HPSCI rules, the business meeting was a legislative act. The Court therefore sustains HPSCI's objections to depositions questions about the business meeting.

### B. Receipt and Handling of the Derkach Package

NBCU and Nunes argue that questions about the receipt and handling of the Derkach package fall beyond the scope of the Speech or Debate Clause privilege because HPSCI's receipt and handling of the package constituted administrative, rather than legislative, acts.

"That Senators generally perform certain acts in their official capacity as Senators does not necessarily make all such acts legislative in nature." Gravel, 408 U.S. at 625. "[T]he privilege does not attach to documents or communications that are 'merely administrative or personal in nature.'" Citizens Union of N.Y. v. A.G. of N.Y., 269 F. Supp. 3d 124, 151 (S.D.N.Y. 2017) (citing S.E.C. v. Comm. on Ways & Means of the U.S. House of Representatives, 161 F. Supp. 3d 199 (S.D.N.Y. 2015)). To distinguish between legislative and non-legislative activities undertaken by legislators, the Court conducts a two-part inquiry:

> First, it is relevant whether the defendants' actions were legislative in *form, i.e.*, whether they were integral steps in the legislative process. Second, it may also be relevant whether defendants' actions were legislative in *substance, i.e.*, whether the actions bore all the hallmarks of traditional legislation, including whether they reflected discretionary, policymaking decisions implicating the budgetary priorities of the government and the services the government provides to its constituents.

4

State Emps. Bargaining Agent Coal. v. Rowland, 494 F.3d 71, 89 (2d Cir. 2007) (applying state legislative privilege but explaining that the state privilege and federal Speech or Debate Clause Privilege are "coterminous").

Applying the law to the facts, the receipt and handling of the Derkach package was not legislative. The handling of the package was not legislative in form because receiving mail from purported foreign agents is not an "integral step" in the legislative process. Handling the package was also not legislative in substance because it bears no hallmarks of legislating or policymaking.

HPSCI characterizes its receipt of the Derkach package as "informal information gathering" and argues that the handling of the Derkach package qualifies as protected legislative activity because at the time it was received, "HPSCI was actively engaged in several investigative matters related to potential foreign interference in domestic elections and was actively considering legislation related to that issue." HPSCI Priv. Ltr. at 4. But there is no indication that HPSCI, Nunes, or any other member of Congress requested or subpoenaed the Derkach package in connection with an investigation. Based on the transcript of HPSCI's business meeting, Nunes declined to tell other members of HPSCI whether he possessed the Derkach package, underscoring that his handling of the package was most likely unrelated to any formal or informal HPSCI investigations.

The Court does not categorize Nunes's receipt and handling of the package as "informal information gathering" or "investigative" activity. Any information about election interference gleaned from the Derkach package's receipt was gathered incidentally. The Speech or Debate Clause "does not prohibit inquiry into activities that are casually or incidentally related to legislative affairs but not a part of the legislative process itself." United States v. Brewster, 408

U.S. 501 (1972). The Derkach package may have related incidentally to contemplated election interference legislation; but the receipt and handling of the package was not part of any legislative process.

Accordingly, HPSCI staffers' conversations about Nunes's receipt and handling of the Derkach package – including whether Nunes gave the FBI the Derkach package – are administrative logistics not protected by the privilege. HPSCI's related objections are therefore overruled.

### C. Dismissal

In its supplemental letter brief, NBCU asks for "either an immediate dismissal or a conference to discuss motion practice" "should the Court issue a decision sustaining HPSCI's Privilege claims." ECF No. 109, NBCU Supp. Ltr. at 5. Because the Court is overruling some of HPSCI's privilege assertions, it is not necessary for the Court to reach NBCU's request for dismissal. If, after a second deposition of Langer, NBCU continues to believe that "principles of fundamental fairness and due process mandate dismissal of this action," NBCU may file a pre-motion letter with Judge Castel. Id. at 2.

### II. Preservation

NBCU asks the Court to sanction Nunes for failing to preserve and produce relevant documents. Any sanction would require an assessment of prejudice, which may be mitigated by today's order. Accordingly, the Court denies NBCU's motion without prejudice until a full record is established. To promote judicial efficiency, any renewed motion, if warranted, shall be made as part of any motion for summary judgment.

However, the Court still awaits additional information from Nunes on this issue. On March 19, 2024, the Court ordered Nunes to "explain why his search efforts failed to uncover the

email communications between Langer and Rep. Crawford's staff." Nunes has failed to comply with this Order and is directed to file a responsive letter by Monday, May 13, 2024.

## CONCLUSION

The Court sustains HPSCI's privilege assertions related to the July 29, 2020 HPSCI business meeting and overrules HPSCI's privilege assertions related to the handling and receipt of the Derkach package. The parties shall conduct a second deposition of Jacob Langer consistent with this Order. Additionally, Nunes shall file a letter by May 13, 2024, explaining what efforts were made to search for responsive documents and why those efforts failed to locate email communications between his staff and Representative Crawford's staff.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   May 8, 2024
         New York, New York