**BINNALL LAW GROUP**
P: 703-888-1943 • F: 703-888-1930
717 King Street, Suite 200 • Alexandria, VA 22314

**Jason Greaves**
PARTNER
D: 571-467-0003
E: jason@binnall.com

October 16, 2024

<u>VIA ECF</u>
Hon. Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      **RE:** <u>*Devin G. Nunes v. NBCUniversal Media, LLC*, 1:22-cv-01633-PKC-SN</u>
           <u>Pre-Motion Discovery Conference</u>

Dear Magistrate Judge Netburn,

      Pursuant to Local Rule 37.2 and your individual practices in civil cases, Mr. Nunes files this letter requesting a pre-motion discovery conference by remote means. This motion is made following multiple conferences of counsel. On October 9, 2024, counsel for the parties in the above-referenced matter conferred in good faith over Zoom to resolve this discovery dispute. No resolution was reached, and, therefore, Plaintiff respectfully requests an informal remote conference to resolve the dispute.

      This dispute centers around the deposition of Rachel Maddow on September 19, 2024. Before the conclusion of the deposition, at least one counsel for Plaintiff and one counsel for Defendant met and conferred about issues that arose during the deposition. *See* Ex. 2 at 2-3. There are two discovery disputes outstanding at this time: (1) a dispute about production of documents, and (2) a dispute about two instructions to Ms. Maddow not to answer questions during her deposition. Counsel at the deposition were unable to resolve these issues after discussing them at length, and Plaintiff put Defendant on notice of intent to file this letter. Plaintiff took the position that the contemporaneous discussion satisfied this Court's meet-and-confer requirements, but Defendant demanded an additional meeting after receipt of the transcript. *Id.* Plaintiff assented, and after receiving the deposition transcripts, Plaintiff reached back out to reschedule a second meeting. *See* Ex. 3. Defense counsel stated they were not available until October 9, 2024, when the meeting occurred. *Id.*

      *First,* prior to Ms. Maddow's deposition, Defendant, through counsel, took issue with a proposal to issue a Rule 45 subpoena to Ms. Maddow, among other individuals employed or formerly employed by Defendant, for communications mentioning Plaintiff on their

personal devices. *See e.g.,* Ex. 1. Defendant confirmed during a meet and confer prior to the deposition, as well as over email, that it had already "conducted a diligent search" of Ms. Maddow's personal devices and there was nothing relevant, and if there was it had been produced. *Id.* Defendant also indicated that if the subpoenas were not issued, it would confirm once again whether or not any relevant communications existed on Ms. Maddow's personal devices. *Id.* At Ms. Maddow's deposition, she testified that nobody searched her personal devices. Ex. 4 at 34:4–6. Nevertheless, Defendant has maintained that it has no obligation to search Ms. Maddow's personal devices.

*Second,* during Ms. Maddow's deposition, on two separate instances, Defense counsel improperly instructed Ms. Maddow not to answer questions. *See* Ex. 4 at 128–34; 149–51. Defense counsel did so improperly as the questions did not raise issues of privilege or the protective order in this case, and they did not raise any issue over which Defendant could seek a protective order (no motion has been made for a protective order over these questions as of this filing).

Before reaching the merits, this Court has jurisdiction and authority to resolve this dispute regardless of the fact that discovery ended on September 23, 2024. Good cause exists for this court to grant a pre-motion conference despite the close of discovery. Rule 37 of the Federal Rules of Civil Procedure sets forth the standard for a motion to compel discovery. "Though Rule 37 does not establish time limits for such a motion, a party seeking to file a motion to compel after discovery has closed must . . . establish good cause." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018) *Gucci Am., Inc. v. Guess?, Inc.,* 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (citing *Gray v. Town of Darien,* 927 F.2d 69, 74 (2d Cir. 1991)). Rule 26 works in conjunction with Rule 37's standard. "[A] party . . . who has responded to . . . [a] request for production . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ." *Spizz v. Eluz (In re Ampal-American Isr. Corp.)*, Case No. 12-13689 (SMB), 2019 WL 3756728, at *6 (Bankr. S.D.N.Y 2019) (quoting Fed. R. Civ. P. 26(e)(1)). "Rule 26(e) is a 'continuing obligation' and is not subject to 'any limitation of time.'" *Id.* (quoting *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 CIV. 5068 (JFK), 2009 WL 1360686, at *2 (S.D.N.Y. May 15, 2009) (citing *Weiss v. Chrysler Motors Corp.*, 515 F.2d 449, 457 (2d Cir. 1975))). As illustrated above, Plaintiff attempted to resolve this issue multiple times before the close of discovery. *See* Ex. 1; Ex. 2; Ex. 3. It was due to delays by Defendant that this motion could not be brought before now. Moreover, the fact that Ms. Maddow's deposition was so late into discovery was due to Defendant's inability to provide dates. Defendant even had to request and obtain an extension of discovery to accommodate Ms. Maddow's busy schedule.

I. <u>Spoliation</u>

When Mr. Nunes first notified Defendant of his intent to issue Rule 45 subpoenas to individual NBC employees, defense counsel protested and assured us that they had

previously searched the devices of individual employees, including Ms. Maddow, and discovered nothing relevant. *See* Ex. 1. Defendant also offered to conduct additional searches and produce anything else relevant to avoid subpoenas. *Id.* No productions occurred. It was not until Ms. Maddow's deposition that Mr. Nunes discovered that no searches of her personal devices occurred, despite her testimony that she used her personal device to communicate with colleagues. Ex. 4 at 32:8–24, 34:4–6.

The core issue here is simple: Defendant has failed to search Ms. Maddow's personal devices, taking Ms. Maddow's assertion that there is nothing relevant on them at face value. This is inappropriate, particularly in light of their proffer to Plaintiff that these searches *were conducted* to prevent the issuance of a subpoena to Ms. Maddow specifically for her personal devices. Defendant's refusal to search for and produce documents and communications mentioning Plaintiff contained in Ms. Maddow's personal devices is improper and particularly egregious given Defendant's intent to seek discovery sanctions against Mr. Nunes for a similar alleged failure to search for and preserve documents.

At the motion to compel stage, the party seeking relief "has the burden of demonstrating the discovery it seeks is relevant to the claims and defenses in the action." *Williams v. NYC Bd. Of Elections*, No. 23-CV-5460 (AS), 2024 WL 3861830, at *2 (S.D.N.Y 2024) (citing *Go New York Tours, Inc. v. Aurora Tourism Services*, LLC, No. 22-cv-10633 (DEH) (JW), 2023 WL 9111158, at *1 (S.D.N.Y. Dec. 20, 2023)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant under this rule means ". . . 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case.'" *Smith v. Pergola 36 LLC*, No. 1:22-CV-4052 (LJL), 2022 WL 17832506, at *2 (S.D.N.Y. Dec. 21, 2022) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Here, Ms. Maddow's communications on her personal devices regarding Mr. Nunes are relevant. Defendant has moved for summary judgment *solely* on actual malice grounds. *See e.g.,* Dkt. No. 128. Ms. Maddow's personal communications could contain statements relevant to determining whether a jury could reasonably find that Defendant published Ms. Maddow's statements with actual malice. Communications mentioning Plaintiff fit within the categories of "relevant to any party's claim or defense" and ". . . 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case.'" *Smith,* 2022 WL 17832506 at *2 (quoting *Sanders*, 437 U.S. at 351); Fed. R. Civ. P. 26(b)(1). The Supreme Court further stated in *Sanders*, "relevance, for purposes of discovery, is an extremely broad concept." *Sanders*, 437 U.S. at 351. It cannot plausibly be stated that any potential communications contained within Ms. Maddow's personal devices does not meet the relevance standard. Anything that could show a bias, ill-will, or an intent to harm Plaintiffs' reputation would be a relevant factor. *See Palin v. New York Times Co.*, 940 F.3d 804, 814 (2d Cir. 2019) (finding that a showing of more than sheer bias bears on actual malice determination); *Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d

163, 183 (2d Cir. 2000) (finding that ill-will may be factor in determining actual malice) (citing *Tavoulareas v. Piro,* 817 F.2d 762, 795 (D.C. Cir. 1987) (en banc)).

## II. Instructions Not To Answer

During Ms. Maddow's deposition, Defendant, through counsel, improperly instructed Ms. Maddow not to answer questions on two separate occasions. Ms. Maddow was instructed not to answer questions first on the grounds of an inapplicable privilege, *see* Ex. 4 at 128–34, and second about her political beliefs. *See id.* 149–51. There are only three reasons a witness may generally be instructed not to answer: "[1] when necessary to preserve a privilege, [2] to enforce a limitation ordered by the court, or [3] to present a motion under Rule 30(d)(3)." *Ferring Pharms. Inc. v. Serenity Pharms., LLC*, 331 F.R.D. 75, 78 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 30(c)(2); *Law Firm of Omar T. Mohammedi, LLC v. Computer Assisted Practice Elec. Mgmt. Sols.*, No. 17-CV-04567 (ER) (HBP), 2018 WL 5016605, at *2 (S.D.N.Y. Oct. 16, 2018); *City of Almaty, Kazakhstan v. Ablyazov,* No. 15-CV-05345 (AJN) (KHP), 2017 WL 9771809, at *3 (S.D.N.Y. July 28, 2017)).

First, Ms. Maddow was instructed not to answer a question about information she knows regarding the facts of this case, particularly those bearing on the accuracy of her reporting about Mr. Nunes. The basis for the instruction was an alleged invasion of privilege because it may call for information that Ms. Maddow learned from her counsel. *See* Ex. 4 at 131:6–8. This is incorrect and an improper instruction because it fundamentally misapplies the privilege asserted. "[T]he cloak of the privilege simply protects the communication from discovery, the underlying information contained in the communication is not shielded from discovery." *In re Six Grand Jury Witnesses*, 979 F.2d 939, 944 (2d Cir. 1992). The Supreme Court has concurred, stating "[t]he privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). The instruction at issue is clearly improper as it sought to interfere with a question asking only about knowledge and not about communications. Therefore, the instruction to Ms. Maddow not to answer was improper and impeded the deposition and discovery that was entirely permissible. The answers did not allow Ms. Maddow to fully answer questions that would reveal important facts that hit right at the heart of this case. Right before this interaction, Ms. Maddow stated that even in light of the facts she has now, she would republish the segment today. *See* Ex. 4 at 126:24–127:8.

Second, Ms. Maddow's knowledge of the facts of this case bear directly upon Defendant's sole defense at summary judgment. *See generally,* Dkt. No. 128. Based on her testimony that she would re-air the segment, it is directly relevant to her actual knowledge, willful disregard, or willful blindness, what she has learned since the filing of this case. Moreover, during these improper instructions, Defendant's counsel once again made speaking objections, despite being asked not to earlier in the deposition. *See* Ex. 4 at 80:5–19; 128–34; 149–51. Speaking objections are particularly harmful in depositions because

they can suggest or give answers to the deponent. Speaking objections are disfavored. Rule 30(c)(2) of the Federal Rules of Civil procedure state "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). This court strongly disfavors both improper instructions and speaking objections working in conjunction, as shown by the sanctions based on those actions in previous depositions. *See generally The Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R 302 (S.D.N.Y. 2019).

Finally, Defense counsel erred again by instructing Ms. Maddow not to answer questions about her political beliefs. *See id.* at 149–51. Defense counsel asserted a relevance objection, stating that her beliefs were not in issue. *Id.* Relevance is not a valid reason to instruct a client not to answer. On that basis alone, this instruction was improper and unreasonable.

Regardless, Ms. Maddow's political beliefs are *in fact* relevant. The Supreme Court, has stated: "[t]he existence of actual malice may be shown in many ways . . . any competent evidence, either direct or circumstantial, can be resorted too . . . including . . . subsequent statements of the defendant, circumstances indicating the existence of rivalry, ill will, or hostility between the parties . . . ." *Herbert v. Lando*, 441 U.S. 153, 164 n.12 (1979). Ms. Maddow's political beliefs could certainly indicate the existence of a rivalry, ill will, or hostility toward Mr. Nunes. Whether or not Ms. Maddow has a personal distaste for Mr. Nunes based on diverging political views is an important fact for the resolution of this case. This too fits within the categories of "relevant to any party's claim or defense" and ". . . 'any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case.'" *Smith*, 2022 WL 17832506 at *2 (quoting *Sanders*, 437 U.S. at 351); Fed. R. Civ. P. 26(b)(1).

For this and the foregoing reasons, we request an informal conference to resolve this dispute and order Defendant to fully complete discovery and pay for Plaintiff's costs in bringing this motion.

                                                                                         Sincerely,

                                                                                         Jason Greaves

cc: Counsel of Record (by ECF)