
21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Elizabeth A. McNamara**
212.489.8230 tel
212.489.340 fax

lizmcnamara@dwt.com

November 1, 2024

**VIA ECF**

Hon. Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Devin G. Nunes v. NBCUniversal Media, LLC*, 1:22-cv-01633-PKC-SN

Dear Magistrate Judge Netburn:

      We represent NBCUniversal Media, LLC ("NBCU") in the above-captioned matter.  We write jointly with counsel for Plaintiff Devin G. Nunes ("Plaintiff") in response to Your Honor's October 29, 2024 Order (Dkt. 133) (the "Order").  The Parties specifically seek leave to file redacted versions of the deposition transcript referenced in Your Honor's Order and to set forth the specific basis for why confidential treatment of the Confidential Transcript of Rachel Maddow's Deposition (the "Deposition Transcript") is justified.  The Parties propose applying limited redactions to the Deposition Transcript (the "Proposed Redacted Material") (Tr. 29:8–30:2; 30:11–18; 31:14–32:7; 33:17–22; 34:19–25; 35:6–20; 36:2–16; 36:21–25; 139:7–23).  These redactions would apply, in part, to portions of the Deposition Transcript submitted by each party in their respective filings.[1]  See e.g., Dkt. 129-4, Dkt. 130-1, Dkt. 131-1.

      Although there is a "long-established general presumption in favor of public access to judicial documents," certain sensitive documents and information can overcome this presumption. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (citation and internal quotation marks omitted).  In determining whether a motion to seal should be granted, (1) "the [c]ourt must first determine whether such document is a 'judicial document;'" (2) "the court must determine the weight of the presumption of access, which 'must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts;'" and (3) "a court must then balance the weight of that

---

[1] Appropriately redacted versions of each document are provided with this letter motion.  These redactions would apply, in part, to portions of the Deposition Transcript submitted by each party in their respective filings.  *See e.g.,* Dkt. 129-4, Dkt. 130-1, Dkt. 131-1.

DWT.COM

Hon. Sarah Netburn
November 1, 2024
Page 2

presumption against 'competing considerations,' including 'the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.'" *Parneros v. Barnes & Noble, Inc.*, 2019 WL 10966199, at *1 (S.D.N.Y. Aug. 16, 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

*First*, there is no dispute that the Deposition Transcript qualifies as a judicial document since it is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (*quoting United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Here, the Deposition Transcript underlies both Plaintiff's letter motion for a conference on a discovery dispute (Dkt. 129-4) and NBCU's letter response thereto (Dkt. 130-1).

*Second*, although the Deposition Transcript is a judicial document, the presumptive weight of access is limited in this circumstance. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Brown v. Maxwell*, 929 F.3d 41, 49–50 (2d Cir. 2019). The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Id*. The Deposition Transcript was submitted in connection with a discovery motion, rather than a dispositive motion, and therefore the weight accorded to the presumption of public access is relatively low.

*Finally*, the weight of access is overcome by the relevant privacy interests at stake. The Proposed Redacted Material contains private information, namely the methods of communication (including identifying specific devices) used by Rachel Maddow and Steve Benen, a producer on *The Rachel Maddow Show*, as well as the locations of these witnesses. NBCU maintains significant concerns about Ms. Maddow and Mr. Benen's privacy and safety and believe that releasing this information would compromise these interests, exposing them to risk of harassment. Accordingly, these privacy and safety concerns warrant preserving the seal on these limited portions of the Deposition Transcript. *See In re Am. Realty Cap. Props., Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) (noting that the presumption of public access may be rebutted by "higher values" such as "protecting privacy interests, including by redacting certain non-relevant personal identifying information") (citations omitted). We are not seeking to seal most of the deposition pages submitted in connection with the discovery issue, thus the requested redactions are narrowly tailored.

Hon. Sarah Netburn
November 1, 2024
Page 3

For the above reasons, the Parties respectfully request that the Court permit the parties to file Deposition Transcripts containing the proposed redactions. We thank the Court for its consideration of this matter.

Respectfully Submitted,

*/s/ Elizabeth A. McNamara*
Elizabeth A. McNamara
Jeremy A. Chase
Alexandra M. Settelmayer
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
Email: lizmcnamara@dwt.com
      jeremychase@dwt.com
      alexandrasettelmayer@dwt.com

*Attorneys for Defendant*
*NBCUniversal Media, LLC*

/s/ Jason Greaves
Jason Greaves
Shawn Flynn
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, VA 22314
Tel: (703) 888-1943
Email: jason@binnall.com
      shawn@binnall.com

*Attorneys for Plaintiff Devin G. Nunes*