UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DEVIN G. NUNES,

                               **Plaintiff,**

                -against-

NBCUNIVERSAL MEDIA, LLC,

                               **Defendant.**
----------------------------------------------------------------X

22-CV-01633 (PKC)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiff filed a letter requesting a pre-motion conference in connection with disputes that arose during the deposition of non-party Rachel Maddow. ECF No. 129. The disputes concern whether counsel conducted an adequate search of Ms. Maddow's personal electronic devices in advance of the deposition, and whether two objections made by counsel during her deposition were improper and warrant reopening discovery for further questioning. Id.

**I.    Timeliness**

       Before addressing the merits, Defendant argues that Plaintiff's letter motion is untimely because fact discovery closed on September 23, 2024. A district court has wide latitude to manage discovery. S.E.C. v. Rajaratnam, 622 F.3d 159, 180–81 (2d Cir. 2010) (discussing discretion of district court to manage discovery). The deposition of Ms. Maddow occurred two business days before the close of discovery, and the parties met and conferred in good faith on October 9, 2024, following receipt and review of the deposition transcript. The conference between the two parties was held within a reasonable time after receiving the deposition transcript. Accordingly, Plaintiff is not time barred from bringing this letter motion.

## II.     Search of Ms. Maddow's Personal Devices

In advance of the deposition, the parties agreed that a search of Ms. Maddow's personal devices was warranted. Despite that agreement, no documents were produced. At her deposition, when asked "And do you know if anybody has looked at any of your personal devices about this litigation?" Ms. Maddow responded "No." ECF No. 130-1, Ex. A, Tr. 34:4-6 ("Tr."). Ms. Maddow also testified that she does not use her personal phone for substantive work-related communications and only uses it for personal or logistical purposes. Tr. 32:16-24; Tr. 33:9-12 ("I keep [my devices] separate. I know that I – I purposefully don't use my personal devices for work-related – substantive work-related stuff."). In addition to email and text messaging, Ms. Maddow testified that she uses WhatsApp "sometimes. Not so much anymore," and Signal "sometimes." Tr. 35:6-7.

Plaintiff seeks a search of Ms. Maddow's personal devices and a reopening of her deposition. In response to Plaintiff's letter motion, Defense counsel contends that, despite Ms. Maddow's recollection, they assisted Ms. Maddow search her personal email and text messages using relevant search terms over a Zoom call. According to Plaintiff, this is the first time defense counsel has provided this information. Plaintiff challenges its veracity and, regardless, objects to a search of only the limited application platforms (that is, no search of WhatsApp or Signal was undertaken).

Given the discrepancy regarding the actual searches conducted by Ms. Maddow's counsel, reopening discovery for a limited purpose is warranted. Defense counsel shall conduct a search on Ms. Maddow's primary personal device that is (i) limited to specific time periods and search terms related to the segment at issue, and (ii) shall search only Ms. Maddow's personal email, text messages, Signal and WhatsApp conversations. Any responsive communications

shall be produced. Absent further order of the Court, the deposition of Ms. Maddow shall not be reopened.

### III. Objections Raised by Ms. Maddow's Counsel

During Ms. Maddow's deposition, counsel raised the attorney-client privilege and a relevance objection, and in both instances instructed Ms. Maddow not to answer the question. Plaintiff argues that the objections were improper and warrant reopening of discovery for further deposition of Ms. Maddow.

#### A. Attorney-Client Privilege Objection

First, during the deposition, Plaintiff's counsel inquired about the factual bases that supported Ms. Maddow's segment regarding Plaintiff. Ms. Maddow provided extensive testimony relating to her knowledge and basis for the segment. Tr. 125-29. When Plaintiff's counsel asked if she was aware of any other information "[a]t any time," counsel objected and instructed Ms. Maddow not to answer based on information learned through counsel. Tr. 129:22-25. In response to the instruction, Ms. Maddow continued to describe facts about which she was aware that supported her reporting. When asked if she had "exhausted the universe on what you base that statement on now," she continued: "if you are literally asking me about the whole universe of things in the world, there's only one other thing that I would add." Tr. 133:1-3, 10-12. She continued to describe an additional fact that she believed supported her reporting.

A counsel may instruct her client not to answer when necessary to preserve a privilege. Fed. R. Civ. P. 30(c)(2). The attorney-client privilege, however, protects against only the disclosure of privileged communications; it does not protect against the disclosure of facts. In re Six Grand Jury Witnesses, 979 F.2d 939, 944 (2d Cir. 1992). The record, however, reflects that Ms. Maddow provided "the whole universe of things in the world" in response to counsel's

3

question, and therefore there is no basis to believe that counsel's proper instruction resulted in the improper withholding of facts. Tr. 133:11.

    **B. Relevance Objection**

Second, Plaintiff asked Ms. Maddow about her political beliefs, and counsel objected on relevance grounds and directed Ms. Maddow not to answer the question. Relevancy is not a proper basis to instruct a witness not to answer. See In re Omeprazole Patent Litig., No. M-21-81 (BSJ), 2005 WL 818821, at *11 (S.D.N.Y. Feb. 18, 2005); Weinrib v. Winthrop-University Hosp., No. 14-cv-953 (JFB)(AKT), 2016 WL 1122033, at *2 (E.D.N.Y. Mar. 22, 2016) (noting that "lack of relevancy is not a proper basis for instructing a witness not to answer deposition questions.").

At her deposition, Plaintiff's counsel asked Ms. Maddow, "What is your opinion about Mr. Nunes." Tr. 147:22. Ms. Maddow initially responded that "any personal opinion that I have about a political figure or a public figure doesn't influence my reporting on their actions." Tr. 148:10-12. She then continued over three deposition pages, discussing her belief that she and Mr. Nunes may have more in common personally than might be obvious but acknowledged that "I'm a liberal and he's a conservative, so we probably disagree on most things, but you never know." Tr. 150:15-17. Plaintiff's counsel then asked, "But your political opinions are in line with what you say in your show, right?" Tr 150:21-22. In response, counsel objected on relevance grounds and directed Ms. Maddow not to answer.

Counsel's relevance objection was likely proper, but the instruction not to answer was not. Courts have held that "the motivations behind defendants' communications – inspired by political differences or otherwise – do not impact whether defendants acted with actual malice as a matter of law." Arpaio v. Zucker, 414 F. Supp. 3d 84, 92 (D.C.C. 2019). Moreover, "a media

defendant's adversarial stance may be fully consistent with professional, investigative reporting and is not indicative of actual malice." <u>Lohrenz v. Donnelly</u>, 223 F. Supp. 2d 25, 46 (D.C.C. 2002).

While relevance is not a basis to direct a witness not to answer, the instruction not to answer was harmless. Ms. Maddow testified extensively about Plaintiff's political views and whether they diverge with her own, and that her political views do not affect her programming or reporting. While she did not directly answer the question whether her "political opinions are in line with what you say in your show," she did testify that "any personal opinion that I have about a political figure or a public figure doesn't influence my reporting on their actions." Tr. 150:21-22; Tr. 148:10-11. Accordingly, Plaintiff obtained the testimony that he sought and reopening discovery is not warranted.

## CONCLUSION

Discovery shall be reopened for the limited purpose of conducting a search of Ms. Maddow's personal devices. The search shall be limited in scope to specific time periods and search terms that relate to the segment aired regarding Mr. Nunes. The search shall only be of Ms. Maddow's personal email, text messages, Signal and WhatsApp conversations. Plaintiff's request to reopen Ms. Maddow's deposition and for any other relief is DENIED.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 4, 2024
         New York, New York