**BINNALL LAW GROUP**
P: 703-888-1943 • F: 703-888-1930
717 King Street, Suite 200 • Alexandria, VA 22314

**Jason Greaves**
PARTNER
D: 571-467-0003
E: jason@binnall.com

January 13, 2025

**VIA ECF**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 11D
New York, New York 10007

RE: *Devin G. Nunes v. NBCUniversal Media, LLC*, 1:22-cv-01633-PKC-SN

Dear Judge Castel,

  We are counsel to Plaintiff Devin G. Nunes ("Plaintiff") in the above-captioned matter. Pursuant to Rule 5(B) of Your Honor's Individual Practices in Civil Cases, S.D.N.Y. Local Rule 7.1(d), and S.D.N.Y.'s Electronic Case Filing Rules & Instructions § 6, we write to request permission to redact certain exhibits submitted by Plaintiff in support of his Response in Opposition to Defendant's Motion for Summary Judgment to protect the privacy interests of both Parties. Specifically, Plaintiff seeks to redact non-public email addresses, as well as items Defendant may consider to be trade secrets. (the "Proposed Redacted Material"). Plaintiff proposes very limited and narrowly tailored redactions of this information that has no bearing on the legal issues being addressed.

  Although there is a "long-established general presumption in favor of public access to judicial documents," certain sensitive documents and information can overcome this presumption. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (citation and internal quotation marks omitted). In determining whether a motion to seal should be granted, (1) "the [c]ourt must first determine whether such document is a 'judicial document;'" (2) "the court must determine the weight of the presumption of access, which 'must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts;'" and (3) "a court must then balance the weight of that presumption against 'competing considerations,' including 'the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure.'" *Parneros v. Barnes & Noble, Inc.*, 2019 WL 10966199, at *1 (S.D.N.Y. Aug. 16, 2019) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).

  As an initial matter, there is no dispute that the exhibits qualify as judicial documents. As articulated in *Lugosch*, "documents submitted to a court for its consideration in a summary judgment motion are —as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." 435 F.3d at 121.

  Here, this strong presumption of access is overcome by the significant privacy interests at stake. *See Lugosch*, 435 F.3d at 120 (holding that "countervailing factors include . . . 'the privacy interests of

those resisting disclosure'") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The Proposed Redacted Material—which has no bearing on the Court's summary judgment determination—is strictly limited to internal and non-public information of the Parties. Courts in this circuit have regularly permitted the redaction of parties' personal information, including email addresses. *See e.g., Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) (permitting redaction of "Plaintiff's or other third-parties' personal information (i.e., addresses, phone numbers, etc.)"); *Robinson v. DeNiro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023) (granting a joint motion to redact defendant's "otherwise non-public email addresses" in connection with summary judgment filings); *SEC v. Waldman*, 2019 WL 1644965, at *1 (S.D.N.Y. Feb. 14, 2019) (permitting redaction of, among other things, "personal e-mail addresses" in connection with summary judgment filings). This is especially true where the personal information is not relevant to the disposition of the issue before the court. *See, e.g., Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (redacting emails of "non-part[y]" Microsoft employees because they were "not relevant to the adjudication of the motions at hand").

Plaintiff maintains the Parties have significant concerns about their privacy and safety and believes that releasing this information would compromise these interests. Accordingly, "despite the strong presumption of access, privacy interests justify narrowly tailored redactions." *DeNiro*, 2023 WL 3728350, at *1 (holding that the "the limited redactions [including personal or otherwise non-public email addresses] will prevent the documents from becoming 'a vehicle for improper purposes'") (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016)); *see also Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1050 (noting that "courts have the power to insure that their records are not "used to gratify private spite or promote public scandal").

For the above reasons, the Parties respectfully request that the Court permit Plaintiff to file his opposition to summary judgment exhibits with the limited proposed redactions. We thank the Court for its consideration of this matter.

Dated: January 13, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/　　　Jason Greaves　　　*
　　　　　　　　　　　　　　　　　　　　　　　Jason Greaves, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　　　Jesse R. Binnall, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　　　Shawn Flynn, *pro hac vice*
　　　　　　　　　　　　　　　　　　　　　　　BINNALL LAW GROUP
　　　　　　　　　　　　　　　　　　　　　　　717 King Street, Suite 200
　　　　　　　　　　　　　　　　　　　　　　　Alexandria, Virginia 22314
　　　　　　　　　　　　　　　　　　　　　　　Phone: (703) 888-1943
　　　　　　　　　　　　　　　　　　　　　　　jason@binnall.com
　　　　　　　　　　　　　　　　　　　　　　　jesse@binnall.com
　　　　　　　　　　　　　　　　　　　　　　　shawn@binnall.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Devin G. Nunes*

cc: Counsel of Record (by ECF)