22-cv-1633 (PKC)

MANDATE

25-2125-cv
*Nunes v. NBCUniversal Media, LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-six.

Present:

GUIDO CALABRESI,
WILLIAM J. NARDINI,
EUNICE C. LEE,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________
DATE FILED: Nov 05, 2026

---

DEVIN G. NUNES,

*Plaintiff-Appellant*,

v. 25-2125-cv

NBCUNIVERSAL MEDIA, LLC,

*Defendant-Appellee*.

---

For Plaintiff-Appellant: JASON C. GREAVES (Jesse R. Binnall, *on the brief*), Binnall Law Group, Alexandria, VA

For Defendant-Appellee: ELIZABETH A. MCNAMARA (Jeremy Chase, *on the brief*), Davis Wright Tremaine LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *District Judge*).

MANDATE ISSUED ON 11/05/2026

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Devin G. Nunes appeals from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *District Judge*), entered on August 4, 2025, granting summary judgment in favor of Defendant-Appellee NBCUniversal Media, LLC ("NBCUniversal").

Nunes brought a single claim for defamation under New York law based on (as relevant here) a statement made by Rachel Maddow, host of *The Rachel Maddow Show* ("TRMS") on MSNBC (owned by NBCUniversal), for which Cory Gnazzo served as the executive producer. In December 2019, Nunes, who was then a congressman and ranking member of the House Permanent Select Committee on Intelligence ("HPSCI"), received something known as the "Derkach Package," from Andrii Derkach—a Russian agent linked to Russian efforts to influence the U.S. presidential election in 2020. The Derkach package was the subject of public discussion over a long period of time, including in a declassified Intelligence Committee Assessment that was released on March 16, 2021. Two days after that release, on March 18, 2021, Maddow reported on the Derkach package incident, saying on TRMS that Nunes "refused to hand it over to the FBI, which is what you should do if you get something from somebody that is sanctioned by the U.S. government as a Russian agent." App'x at 1433-34. Nunes provided the court with evidence that Maddow's statement (the "Statement") was false. More specifically, a former staff member from the HPSCI testified in a deposition that the package, addressed to Nunes, was received by committee staff, placed in a secure location, and turned over to the FBI about two days after its arrival.

The district court determined that Nunes failed to provide evidence, sufficient to create a genuine issue of material fact, that Maddow and Gnazzo acted with actual malice, because the Statement was made in reliance on a *Politico* article that had been published on July 23, 2020. Therefore, the district court found that NBCUniversal could not be held liable for defamation. Nunes now appeals from the grant of summary judgment dismissing his claim.

"Summary judgment is warranted when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Romano v. Ulrich*, 49 F.4th 148, 152 (2d Cir. 2022) (citing Fed. R. Civ. P. 56(a)).[1] "We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Raymond v. 1199SEIU Nat'l Benefit Fund*, 184 F.4th 42, 53 (2d Cir. 2026).

## I. The Actual Malice Standard

Nunes first argues that the district court erred in holding that he had to prove actual malice—that is, that the defendant (or, more precisely, Maddow or Gnazzo) made the Statement with knowledge of its falsity or with reckless disregard of whether it was false. The actual malice standard was first announced by the Supreme Court in *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964). In that case, the Court held that when a public official brings a defamation claim, the First Amendment requires the plaintiff to demonstrate that the speaker acted with actual malice. Nunes asks this Court to conclude that *New York Times* was incorrectly decided, that a proper interpretation of the First Amendment does not entail application of the actual malice standard,

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

and that the district court therefore erred in relying on the actual malice standard when it granted summary judgment in favor of NBCUniversal.

As a preliminary matter, this Court has no authority to disregard the Supreme Court's binding interpretation of the First Amendment. *Baroni v. Port Auth. of New York & New Jersey*, 161 F.4th 48, 57 (2d Cir. 2025) ("We are bound to follow the existing precedent of the Supreme Court until that Court tells us otherwise."). And the Supreme Court has squarely held that the actual malice standard governs in this scenario. *See, e.g.*, *Counterman v. Colorado*, 600 U.S. 66, 76 (2023) ("A public figure cannot recover for the injury such a statement causes unless the speaker acted with 'knowledge that it was false or with reckless disregard of whether it was false or not.'") (quoting *New York Times*, 376 U.S. at 280).

Nunes asks us to disregard *New York Times* to "allow the states to fashion their own libel laws." Appellant's Br. at 44. But even if *New York Times* did not govern, the actual malice standard is required by New York statute. Nunes concedes that this Court has subject matter jurisdiction over his case because of the diversity of citizenship of the parties. That means that his defamation claim arises under state law. We have held that for defamation claims arising under New York law, "Section 76-a of New York's anti-SLAPP statute applies when a court exercises diversity jurisdiction." *Satanic Temple, Inc. v. Newsweek Digit. LLC*, 177 F.4th 202, 211 (2d Cir. 2026). That statute, in turn, expressly adopts the actual malice standard as a matter of state law:

> In an action involving public petition and participation, damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue.

N.Y. Civ. Rights Law § 76-a(2). It may be true that the New York statute mirrors the constitutional standard announced in *New York Times*; but whatever its inspiration, it is "clearly a *statutory* speech protection." *Satanic Temple,* 177 F.4th at 213. Nunes does not argue that Section 76-a(2) does not apply, or that the First Amendment forbids a state from establishing the contours of a defamation claim in this way. Accordingly, even if *New York Times* did not govern, New York statutory law compels the application of the actual malice standard in this case.

**II. Evidence of Actual Malice**

Nunes also argues that the district court erred when it concluded that no reasonable jury, based on the evidence produced at the summary judgment stage, could have found that NBCUniversal acted with actual malice when it published the Statement. A plaintiff must prove actual malice by clear and convincing evidence. N.Y. Civ. Rights Law § 76-a(2). This is a "decidedly high standard of culpability." *Satanic Temple*, 177 F.4th at 214. "When there are multiple actors involved in an organizational defendant's publication of a defamatory statement, the plaintiff must identify the individual responsible for publication of a statement, and it is that individual the plaintiff must prove acted with actual malice." *Dongguk Univ. v. Yale Univ.*, 734 F.3d 113, 123 (2d Cir. 2013) (discussing generally applicable rules of defamation law). On appeal, the parties do not dispute that Maddow and Gnazzo were responsible for making the Statement, and so we examine whether on this record a reasonable jury could conclude that Nunes established, by clear and convincing evidence, that either of those two people acted with malice.

We discern no error in the district court's conclusion, based on the summary judgment record, that the undisputed evidence showed that Maddow and Gnazzo relied on the earlier-published *Politico* article and that such reliance cannot support a finding of actual malice. The *Politico* article stated that the Derkach packets had been sent to four people: Nunes, Senators

Graham and Grassley, and then-White House Chief of Staff Mulvaney. According to the article, "Graham and Grassley denied having received the material, and Mulvaney and Nunes declined repeated requests for comment. One person familiar with the matter said the information was not turned over to the FBI." App'x at 500. Nunes argues that the *Politico* reporting does not support Maddow's statement that Nunes "has *refused* to hand [the Derkach Package] over to the FBI." App'x at 1695 (emphasis added). But that is a natural reading of the *Politico* article. The dictionary definition of "refuse" cited by Nunes includes this meaning: "to show or express an unwillingness to do or comply with." *See* Appellant's Br. at 28-29 (citing webster.com/dictionary/refused). According to Nunes, this definition shows that a person can "refuse" to do something only if he is "unwilling[] to . . . comply with" a request that he do so, and there was nothing in the Politico article to indicate that he had received any such request. But that is only one possible scenario covered by those words. *Id.*

Nunes overlooks the other part of the definition that he himself quotes: that a person can be said to have "refused" to do something if he has "show[n] an unwillingness to do" it. Here, the *Politico* article clearly indicates that Graham, Grassley, Mulvaney and Nunes were all sent the material in question, and none of them gave it to the FBI. A fair paraphrase of this reporting, that Nunes got the Derkach Package but did not turn it over to the FBI, is that he was not willing (i.e., he refused) to give it to the FBI. Of course, the Statement did not parrot the *Politico* article word for word. But "[l]iteral accuracy is not a prerequisite: if we are to enjoy the blessings of a robust and unintimidated press, we must provide immunity from defamation suits where the journalist believes, reasonably and in good faith, that his report accurately conveys the charges made." *Edwards v. Nat'l Audubon Soc'y, Inc.*, 556 F.2d 113, 120 (2d Cir. 1977).

Maddow and Gnazzo's undisputed reliance upon the *Politico* article defeats Nunes' defamation claim. In *New York Times*, the Supreme Court held that a defendant's reliance on a responsible source negates a finding of "the recklessness that is required for a finding of actual malice." 376 U.S. at 287–88; *see also Dongguk Univ.*, 734 F.3d at 126. "Similarly, this Court has held that where reporters' false statements in an article were based on reliable sources, the defendant could hardly be accused of gross negligence, much less actual malice." *Dongguk Univ.*, 734 F.3d at 124. Nunes provided no evidence at the summary judgment stage that provided any basis for a reasonable inference that Maddow or Gnazzo should have regarded the *Politico* article as unreliable. We therefore agree with the district court's holding that Nunes failed to present evidence that NBCUniversal or its employees acted with actual malice sufficient to defeat summary judgment.

* * *

We have considered Nunes' remaining arguments and find them unpersuasive. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

UNITED STATES SECOND CIRCUIT COURT OF APPEALS

Catherine O'Hagan Wolfe